77 121
84 353

---

## Fort Worth & Denver City Railway Co. v. H. G. Williams.
### No. 6652.

1. **Case Adhered to.** — Gulf, Colorado & Santa Fe Railway v. Baird, 75 Texas, 256, adhered to.

2. **Freight Contract by Railway Company—Limited Liability.**—In the absence of a partnership or agency to bind one another, carriers over whose lines freight is to pass are but the agencies employed by the contracting carrier receiving the freight for through shipment upon such lines.

3. **Same — Ratification.** — The mere receiving and forwarding freight delivered from a connecting line of railway is not evidence of a ratification of a through freight contract made by the railway company receiving the property from the shipper. The law compels such acts.

4. **Same—Joint Liability.**—To show liability of a connecting line for damages to freight caused elsewhere than upon its line, something more must be shown than a freight contract for through shipment made by the railway company receiving the freight, and that it was shipped upon the route indicated by the contract.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

The opinion states the case.

*J. M. O'Neill*, for appellant.—The court erred in refusing the following special instruction requested by defendant, to-wit: "If the jury believe from the weight of the evidence that the plaintiff's cattle were injured before they came into the possession of the defendant, then you will find for the defendant, unless they further find that the defendant and the other railroad companies engaged in the transportation of said cattle are jointly liable to the plaintiff for such injury, and in order to render said companies jointly liable the jury must find from the evidence that they were jointly interested." Hutch. on Carr., secs. 158, 167, 169; Schoul. on Bail. and Carr., secs. 589, 592, and cases cited; Darling v. Railway, 11

Allen, 295; Irwin v. Railway, 92 Ill., 103; Railway v. Trippe, 42 Ark.,. 465; Aigen v. Railway, 132 Mass., 423; Ins. Co. v. Railway, 104 U. S., 146; Whiteworth v. Railway, 87 N. Y., 413; Railway v. Railway, 26 Minn., 243; Railway v. Roach, 27 Am. & Eng. Ry. Cases, 257.

*Hazelwood & Templeton* and *John Dowell,* for appellee.—When different. lines of railway are united in such a way as to form a complete and continuous line of transportation, and when one of said carriers receives goods for freight and executes a through contract of carriage or gives a. through bill of lading therefor, which is recognized by the connecting carriers and upon which such freight is by such carrier carried to its destination at the rate agreed upon between the contracting carrier and the shipper, and which rate is collected by the terminal line for the entire. route, then all of the carriers are jointly interested in the undertaking,. and each is the agent of all the others to accomplish the carriage and delivery of the goods, and each is severally liable and may be sued for any damage occasioned to said goods on any part of the entire line. Rev. Stats., arts. 277, 278; 1 Ct. App. C. C., secs. 332, 942, 1252, 1253; 2 Ct. App. C. C., secs. 318, 430, 431; 3 Ct. App. C. C., secs. 7, 33, 34; Railway v. Allison, 59 Texas, 193; Harp v. The Grand Era, 1 Wood's C. C. R.,. 184; Hart v. Railway, 4 Seld., 37; 23 Am. and Eng. Ry. Cases, 732; 2. Redf. on Rys., sec. 172, subdiv. 2; Perkins v. Railway, 47 Me., 573–590; Wheeler v. Railway, 31 Cal., 46–53; Hart v. Railway, 59 Am. Dec., 444–450, and note and authorities there cited; Wells v. Thomas, 72 Am. Dec., 228–230, and notes and authorities; Hutch. on Carr., secs. 154, 155; Hart v. Railway, 8 N. Y., 37; Railways v. Spratt, 2 Duv., 4; Wayland v. El-- kins, Hall N. P., 227; Laughler v. Pawley, 5 B. & C., 547; Carter v. Peck, 4 Sneed, 203; Cobb v. Abbott, 14 Pick., 289; Hart v. Railway, 4. Seld., 37, and authorities cited.

HENRY, Associate Justice.—This suit was instituted by appellee upon causes of action stated as follows in the brief of his attorneys filed in this court:

"Appellant was, in connection with the Texas & New Orleans Railway Company, the Galveston, Harrisburg & San Antonio Railway Company, and the Gulf, Colorado & Santa Fe Railway Company, engaged in the shipment and transportation of freight, such as live stock, consisting of cattle and horses, and other goods and property commonly known as freight,. as common carriers for hire, each and all of said companies being connecting lines of railways, and acting as through lines, and proposing and agreeing to accept, receive, and transport freight as such upon through contracts and through bills of lading from one station on any of said roads to any other station on either of said roads, and agreeing and contracting and binding themselves and each of said railroads to speedily,

safely, and securely convey, transport, and deliver said freight at the point of destination in like order and condition as when received.

"That on the said 18th day of May, 1884, the said defendant was likewise, in connection with the International & Great Northern Railway Company and the Missouri Pacific Railway Company, engaged in the carriage and transportation of freight, such as live stock, consisting of cattle and horses, and other goods and property commonly known as freight, as common carriers for hire, each and all of said companies being connecting lines of railway and acting as through lines, and proposing, accepting, and agreeing to receive and transport freight as such, upon through contracts and through bills of lading, from one station on any of said railroads to any other station on the same road, or to any other station on either of said railroads, and agreeing, proposing, contracting, and holding themselves and each of said railroads to speedily, safely, and securely carry and transport said freight to the point of destination, and there deliver the same in like order and condition as when received.

"That appellant's road extended from Fort Worth, in Tarrant County, Texas, to Henrietta, in Clay County, Texas. That at the town of Fort Worth it is connected with the Gulf, Colorado & Santa Fe Railway, and with the Missouri Pacific Railway, and was so connected at the time of the injuries complained of.

"That about the 18th day of May, 1884, appellee was the owner of 1551 head of stock cattle of the value of $20,000, and 40 head of horses of the value of $1580, and was in the possession of the same at Devers, a station on the line of the Texas & New Orleans Railway, in Liberty County, Texas, and desired to ship and transport the same by railroad from this station to the station of Henrietta, in Clay County, Texas, on a through contract and bill of lading over the said Texas & New Orleans Railway, the Galveston, Harrisburg & San Antonio Railway, the Santa Fe Railway, and defendant's line of railway.

"That also about the 18th day of May, 1884, petitioner was the owner of 510 head of stock cattle in good order and condition, of the value of $10,500, and in possession of them through his agent M. E. Williams at Kyle, in Hays County, Texas, a station on the International & Great Northern Railway, and desired to ship the same from the said station of Kyle to the station of Henrietta, in Clay County, Texas, over that railway, over the line of the Missouri Pacific Railway, and over the line of defendant's railway.

"That about the 18th day of May, 1888, appellant delivered the cattle and horses at Devers, in good order and condition, to the Texas & New Orleans Railway, to be transported as aforesaid upon a written contract and through bill of lading, a copy of which was attached to the petition. That a delivery to the Texas & New Orleans Railway was a delivery to the

Galveston, Harrisburg & San Antonio Railway, the Gulf Colorado & Santa Fe Railway, and to defendant, and was to each of these a delivery.

"That about the 18th day of May, 1884, petitioner, through his agent M. E. Williams, in good order and condition, delivered the cattle at Kyle to the Missouri Pacific Railway Company by making the delivery to the International & Great Northern Railway Company, which was leased and being operated by the Missouri Pacific Railway Company, and that this delivery was a delivery to the International & Great Northern Railway, to the Missouri Pacific Railway, and to defendant. That said cattle were to be transported as aforesaid and on a through contract and bill of lading from Kyle to Henrietta, the contract of shipment being attached to the petition.

"That the Texas & New Orleans Railway in making the contract of shipment and receiving said cattle thereon for transportation from Devers to Henrietta was acting for itself and as the agent for the other railroads over which the cattle were to pass, and especially was the agent of defendant. That the Missouri Pacific Railway Company in receiving said cattle thereon for transportation was acting for itself and as the agent of the other railroads over which said cattle were to pass, and was especially the agent of defendant.

"That said railway companies, as aforesaid, each acting for itself and for defendant herein, as connecting lines, so negligently and wrongfully conducted themselves that they did not deliver said cattle and horses to plaintiff at Henrietta, Texas, but violated their contract, and failed, neglected, and refused to deliver said cattle and horses as therein required, and that by reason of the negligence and carelessness of defendants and of the connecting lines as aforesaid, some of said cattle were killed and the others greatly injured and damaged. That by reason of the unsafe and insecure track of defendant's railway and that of the other connecting lines, and by reason of the defective and insecure cars in which said cattle and horses were shipped, and the insufficient and improper engines drawing said cars, as well as the negligent and careless operatives of said railways, as aforesaid, the cars in which the cattle and horses were transported were wrecked, derailed, and the cars thrown from the track, many of them killed and the balance greatly injured, and that in the transit of the cattle they were delayed the space of forty-eight hours over the time necessary to properly transport them, and the horses were delayed the space of ten days over the time necessary to transport them."

Attached as exhibits to the petition were two contracts, both signed by plaintiff, one by the "agent for Louisiana Division, Galveston, Harrisburg & San Antonio Railway System," and the other by the "agent for the Missouri Pacific Railway Company." The first mentioned contract provides for the transportation of the cattle to Henrietta Station at the rate of $50 per car load. It further provides, "that in case the live stock

mentioned herein is to be transported over the road or roads of any other railroad company, the party of the first part shall be released from liability of every kind after said live stock shall have left its road; and the party of the second part hereby so expressly stipulates and agrees, the understanding of both parties hereto being that the party of the first part shall not be held or deemed liable for anything beyond the line of the Galveston, Harrisburg & San Antonio Railway, Texas & New Orleans Railway, Louisiana Western Railway, and Sabine & East Texas Railway, excepting to protect the through rate of freight named herein."

The contract with the Missouri Pacific Railway Company contained substantially the same provisions. The defendant railway company was not alluded to in either contract.

The defendant excepted generally and specially to the petition, and denied its allegations generally, and denied specially that it had with any of the railroads mentioned in said contracts any connection, association, or arrangement for the transportation of freight, or that any of them were authorized to act for it as agent in making the contracts sued upon.

It was proved by defendant that its road extended from Fort Worth to Henrietta, and was the only railroad line between the two places; that no contract existed between it and the other roads for the transportation of cattle on through bills of lading; that there was no association between it and any other road; that no one was authorized to sign the contracts for it; that the cattle were tendered to it for shipment at Fort Worth by the lines that had transported them to that place, and that defendant transported them, without changing cars, to the point of their destination, and there collected the contract prices for their transportation. That the local rate of the defendant from Fort Worth to Henrietta was retained by defendant, and the remainder of the freight paid was remitted to the other roads.

Judgment was rendered in favor of plaintiff upon the verdict of a jury.

There was no error in overruling the exceptions to plaintiff's petition.

We deem it unnecessary to consider in detail the assignments of error on the charge of the court and upon its refusal to sustain defendant's motion for a new trial.

The main question is similar to the one decided by this court at the last Tyler Term in the case of the Gulf, Colorado & Santa Fe Railway Company v. Baird. 75 Texas, 256.

In that case it was said: "If the Louisville & Nashville Railway Company had not authority by virtue of the existence of a partnership between itself and the other lines over which the cattle were to pass, or by virtue of an agency conferred on it by the other companies empowering it to make a contract which would bind them jointly, then the contract was simply the contract of the company that made it, by which it was bound to transport the cattle on its own line as far as that extended, and beyond that to furnish transportation through other lines.

"In the absence of proof of express authority facts may be shown which will be sufficient to authorize a jury to find that the power actually existed.

"A railway company can not be held to have ratified a contract from the fact that it performed some of the services contemplated by it, when it is not at liberty, contract or no contract, to refuse to render the service. At the time the cars in which appellee's cattle were were received by appellant the law provided that 'every such company shall for a reasonable compensation draw over their railroad without delay the passengers, merchandise, and cars of every other railroad company which may enter and connect with their railroad.'

"In the face of such legislation the evidence should show something more than that a through shipment was made, that a price was fixed for the entire transportation and collected by the last carrier, before it ought to be held that this was a joint contract for transportation that would render each carrier liable for failure of duty on the part of other carriers in the connected lines."

The charges given and the ruling of the court upon defendant's motion for a new trial were contrary to the rules here announced.

We find nothing in the facts of this case making defendant liable for any injuries to the freight that did not occur after the property had come into its own custody, and upon another trial the question of its liability ought to be so restricted. ·

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 22, 1890. ·