THE FORT WORTH & DENVER CITY RAILWAY COMPANY
v. W. E. JOHNSON.

No. 251.

1. **Railway Company—Connecting Lines—Through Bill of Lading.** — In an action against a railway company for the statutory penalty for a failure to deliver goods to the consignee upon tender of the freight charges due thereon, as shown by the bill of lading, plaintiff showed that such bill was a through bill of lading; that the delivering company's line did not reach the place of shipment, but that rates were made over its line and connecting lines to and from that point; that defendant company issued an expense bill, when the goods arrived, for the exact amount called for by the bill of lading, and that the car containing the goods came through from the place of shipment. *Held,* that these facts did not establish. over the sworn denial pleaded· by the defendant, a contract of partnership or agency between the companies; nor, in view of the statutory provision requiring railway companies to receive and haul the cars of connecting lines, did such facts, and the further fact that the defendant finally, after the delay, accepted the amount shown by the bill of lading and delivered the goods, prove a binding ratification of the execution of the bill of lading.

2. **Practice—Evidence Admissible after Argument Begun.**—After trial was entered upon, an important witness for the defendant became suddenly ill and was obliged to leave the court room, and the court refused to postpone the case on that account. Two hours later, after plaintiff's attorney had made his opening argument, the witness having recovered, was offered on the stand, and the court declined to permit him to testify. *Held,* error, although, as the witness was a nonresident of the county, his evidence might have been taken by deposition prior to the trial.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Stanley, Spoonts & Meek,* for appellant.—1. The filing of the sworn plea denying the partnership or authority of. said Louisville, St. Louis & Texas Railway Company to execute said bill of lading was in effect a plea of non est factum, and threw the burden on the plaintiff to show authority in said railway company to bind the defendant in the execution of such bill of lading. Railway v. Chandler, 51 Texas, 416; Cox. v. Cock, 59 Texas, 521; Robertson v. Dubose, 76 Texas, 1; 1 W. & W. C. C., sec. 682; Abb. Trial Ev., sec. 564.

2. The court erred under the evidence in not instructing the jury to return a verdict for the defendant.

3. The court erred in not reopening the case before the closing of the argument, to introduce the testimony of the witness C. C. Drake, who was present in the court room and ready to testify, and who had left the court room and the witness stand by reason of a sudden illness during the progress of the trial. 1 Sayles' Civ. Stats., art. 1298.

*Stephens & Huff,* for appellee.— 1. The evidence was sufficient to warrant the court in submitting the question of a joint undertaking on the

part of appellant and the Louisville, St. Louis & Texas Railway Company to carry the freight from Louisville, Kentucky, to Vernon, Texas. Railway v. Tisdale, 74 Texas, 8; Railway v. Allison, 59 Texas, 193; Hutch. on Carr., sec. 152.

2. The appellant having failed to withdraw its announcement on account of the sickness of its witness, and having failed to show diligence in procuring the evidence of said witness, could not seriously insist on the judge delaying court for the recovery of a witness.

TARLTON, Chief Justice.—This appeal is from a judgment in the sum of $2450, recovered by the appellee from the appellant, under section 3, article 4258a, 2 Sayles' Civil Statutes, prescribing a penalty for the refusal of a railway company to deliver merchandise to the consignee upon payment or tender of payment of the freight charges due as shown by the bill of lading.

The goods in question were certain articles of hardware, weighing 35,000 pounds, shipped from Louisville, Kentucky, and consigned to W. E. Johnson, at Vernon, Texas, at a freight rate not to exceed 70 cents per 100 pounds, as shown by the bill of lading executed by the Louisville, St. Louis & Texas Railway Company.

The latter company was the initial carrier. The transportation was completed by the defendant company over its line from Henrietta, Texas, to Vernon, Texas, at which place the appellee and consignee resided.

After the arrival of the merchandise at Vernon, the appellant for several days refused, on tender of payment of the freight charges shown by the bill of lading, to deliver the goods. It contended then, and contends now, that it was not a party to the bill of lading, and it demanded as freight due 73 cents per 100 pounds, instead of 70 cents, as specified in the bill of lading. It follows that the controlling question on the trial was, whether the defendant was a party to the bill of lading.

The plaintiff, declaring on that instrument as a through bill, alleged, that the Fort Worth & Denver City Railway Company, the Missouri, Kansas & Texas Railway Company, and the Louisville, St. Louis & Texas Railway Company had, prior to this shipment, entered into a freight association, whereby each was authorized to bind the other in the execution of through bills of lading; that by virtue of this agreement the defendant was bound by the act of the Louisville, St. Louis & Texas Railway Company in the execution of the instrument in question; that in effect (as we interpret the averments), the latter was the agent of the defendant in that transaction; and further, that after the arrival of the goods the defendant ratified the execution of the bill of lading by finally, after a refusal from August 12, 1890, to August 25, accepting the amount shown by the bill and delivering the merchandise to the appellee.

After the general denial, the defendant pleaded specially, and *under oath*, that it did not receive or transport the goods by virtue of any bill of lading, but in discharge of its duty under the laws of Texas; that it received them from the Missouri, Kansas & Texas Railway Company at Henrietta, Texas, and transported them to Vernon, Texas; that the bill of lading was not executed by it or by its authority; that under its established rates 73 cents per 100 pounds was the correct freight charge; that it made no contract to carry the goods at 70 cents per 100 pounds; that it did not ratify nor intend to ratify any unauthorized contract of the Louisville, St. Louis & Texas Railway Company; that it at no time had knowledge of the association or agreement alleged by plaintiff.

Under this plea, which is, in effect, a plea of "non est factum," and a verified denial of the partnership or association charged, the burden rested upon the plaintiff to connect the defendant with the execution of the bill of lading. 1 Sayles' Civ. Stats., arts. 1265, 2262; City Water Works v. White, 61 Texas, 536; Fisher v. Bowser, 1 Posey's U. C., 346; Railway v. Tisdale, 74 Texas, 8.

This privity the appellee claims to have established by the proof of circumstances, consisting, among others, in the facts that the goods were shipped on a through bill of lading from Louisville, Kentucky, to Vernon, Texas; that appellant's line of road does not extend to Louisville, Kentucky, but that rates are made over its line and connecting lines to and from that point; that appellant issued an expense bill on the day of the arrival of the goods, for the exact amount of freight charges called for in the bill of lading; that the car containing the goods came through from Louisville, without reshipment of the goods; that after the expense bill had been presented, appellant demanded more freight than was charged in the bill of lading. Facts, in our opinion, substantially the same as these have been held, under our statute requiring railroad companies "for a reasonable compensation to draw over their railroad * * * the merchandise and cars which may enter and connect with their railroad" (Revised Statutes, article 4251), insufficient to justify the conclusion stated; and by this result we abide. Railway v. Baird, 75 Texas, 265; Railway v. Miller, 83 Texas, 520; Railway v. Williams, 77 Texas, 125; Railway v. Fuller, 3 Texas Civ. App., 340, decided by us May 17, 1893.

The appellee, however, additionally relies upon the recitals in the bill of lading showing that by its terms the initial carrier contracted for the connecting lines, stipulating that they should be considered a part of the route to the place of destination, limiting their liability, and giving the delivering carrier a lien on the goods for damages, in addition to the carrier's common law lien. The bill of lading, thus providing, was read in evidence without objection on the part of appellant. To what extent, if at all, these terms of the instrument thus admitted would affect the ap-

plication of the doctrine above referred to, a disposition of this appeal does not require us to consider.

The case made by the evidence was in any event, under defendant's pleadings, subject to rebuttal. For this purpose, as shown by the bills of exception, the defendant on the day of trial, about 11:30 a. m., after the plaintiff had rested his case, placed a witness, C. C. Drake, upon the stand. This witness was a resident of Tarrant County, in the employ as chief clerk of the freight department of the defendant. It had secured his personal attendance upon the court. It suffices to say, without repeating it, that the testimony of the witness thus offered by the defendant was in every material respect in substantiation of the averments already set out of the special answer. As he was about to testify, the witness was taken suddenly ill to such an extent as to necessitate his leaving the court house. The defendant's counsel being unable to assure the court when he would sufficiently recover to proceed with his testimony, the court refused a postponement. At 1:30 p. m. of the same day, after the plaintiff's attorney had made his opening argument, the witness having sufficiently recovered, was again tendered by the defendant, with the request that his testimony be heard. This the court refused, as we think, erroneously.

In our opinion, sufficient diligence had been shown to secure the testimony. The necessity for issuing a subpœna, had the witness resided in the county, was obviated by his personal attendance, and the taking of his deposition as a nonresident would have been but the substitute for his personal attendance, which could not be enforced by subpœna.

The evidence was obviously most material. It is strikingly similar to that recited in the opinion, and evidently approved as constituting a defense, in Railway v. Williams, 77 Texas, 125. We think the court, in the exercise of a sound discretion, should have permitted the defendant to supply the omission in its testimony caused by the sickness of its witness. 1 Sayles' Civ. Stats., art. 1298. As the refusal was excepted to at the time, and was made the ground of a motion for a new trial, and is here assigned as error, we conclude that the judgment of the court must be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*

Delivered November 3, 1893.