### Mrs. E. A. Hanna et al. v. Gulf, Colorado & Santa Fe Railway Company et al.

Decided December 11, 1901.

**1.—Argument of Counsel.**

It was reversible error for counsel representing indemnitors, made parties by defendant in a suit against a railway company to recover damages to abutting property owners from laying its track in the street, to comment unfavorably on the lack of public spirit of plaintiffs in seeking damages, as contrasted with the conduct of indemnitors.

**2.—Same—Eulogy of Defendants.**

In the opinion of the majority of the court, it was also error to permit counsel to indulge in eulogy upon the public spirit of the indemnitors in promoting the prosperity of the town by securing the building of the road.

Appeal from Bell. Tried below before Hon. Jno. M. Furman.

Hanna and others sued the railway company for damages to real estate, and defendant made Cochran and others parties on a bond of indemnity. Plaintiffs had judgment, but appealed.

*A. M. Monteith,* for appellants.

*G. W. Tyler, X. B. Sanders,* and *W. S. Holman,* for appellees.

COLLARD, Associate Justice.—Suit of Mrs. E. A. Hanna, feme sole, J. F. Hanna, and Mrs. Alice Shea, joined by her husband John Shea, and W. R. Hanna, against the Gulf, Colorado & Santa Fe Railway Company for damages and alleged injury and depreciation of residence and boarding house property on Batte avenue, in Belton, Texas, owned by plaintiffs, caused by constructing the railroad on the street, resulting from noises, vibrations, smoke, and cinders thrown into the house by passing locomotives and trains to the annoyance of occupants and boarders; the depreciation was placed at $1000.

Defendant company answered by general denial and alleged enhanced value of the property by the construction and operation of the road, and impleaded T. W. Cochran, J. Z. Miller, Sr., J. S. Wilson, W. McB. Smith, F. K. Austin, Chas. S. Fisher, N. S. Monger, Chas. B. Smith, Lee Peyton, A. D. Rather, S. M. Ray, J. F. Elliott, Thomas Yarell, Martha McWhorter, L. F. Grimes, Don Chamberlain, E. B. Baggett, William Thatcher, T. J. Baker, and A. J. Vickory as indemnitors, under an agreement by them to hold the railway company harmless as to all damages incurred against property by the operation of the road.

The defendants, indemnitors, adopted the answer of the company. The trial resulted in verdict and judgment for the plaintiff against defendant company for $250, and in defendant's favor over against the indemnitors for like amount, from which this appeal is taken.

The evidence was conflicting, some of it tending to show that the

property was increased in value by the building and operating of the road, especially as a boarding house, though not as residence property; while other testimony tended to show that the property was injured as a residence and as a boarding house by the smoke, cinders, and noise from passing locomotives.

A verdict for much more than the amount awarded would have been supported by the evidence, though conflicting, but if the trial had been legally conducted we would not feel authorized to disturb the verdict upon the ground of insufficiency.

Appellants insist that the verdict is grossly inadequate and that it was influenced by unlawful appeals of counsel for defendants and the indemnifiers, and that the court erred in permitting defendants' counsel to argue, over objections of plaintiffs, that any judgment rendered in favor of plaintiffs against the company would not have to be paid by them but by their guarantors, etc. Bills of exceptions were reserved to such arguments, the court declining to interfere. One of the bills is as follows: "While Geo. W. Tyler was arguing the case at its close before the jury on behalf of the defendants, he being one of the attorneys for the citizens of Bolton that gave the bond to indemnify the railway against damages to adjacent property owners, which said railway company declared upon in its cross-bill, that he commenced to argue before the jury that this suit was in effect and practically not against the railway company, but against the defendants in the cross-bill, who would have to pay the judgment, if one was obtained; that said defendants were liberal and public-spirited citizens, who were working for the public good, while the plaintiffs in the case were not liberal and gave nothing for public good, and were impediments to progress, to which arguments, or any other of a like nature, plaintiffs' counsel objected to the court, because said arguments were irrelevant and did not tend to elucidate or explain the true issues in the case, which was only as to whether or not plaintiffs were damaged in the value of their property adjacent to the street occupied by the railway company by the construction of the railway on such street and its operation thereon, and that the tendency and purpose of said arguments was only to unjustly prejudice the jury against plaintiffs and their action, and to favor defendants sued as indemnifiers because of the friendship of the jury to them, because of their public spirit and liberality; which objection was overruled, and said counsel for defendants continued his statements and arguments, saying among other things: 'While this is a suit against the railroad, it is a suit against our own citizens, the progressive, enterprising citizens, Geo. C. Pendleton, Tom Cochran, Colonel Miller and others, who have the pluck, spunk, and enterprise to favor a great enterprise like this and procure the building of the Gulf, Colorado & Santa Fe Railway into the city and establish its depot at a point convenient to the business of the town and the traveling public; that they had contributed liberally of their money for that purpose, when the evidence does not show that the Hannas had contributed a cent. These citizens are working for the

public benefit, and they do not propose to be held up by the Hannas. Why was not Jap [referring to J. F. Hanna], one of the plaintiffs, a broad-gauged citizen. He is an impediment to progress; he just balks, stands in the way when a railroad is building through the town; each fellow wants it on the other fellow's street;' to which ruling of the court in permitting said argument to go before the jury, plaintiffs excepted." The court allowed the bill.

Another bill is reserved to remarks of another of counsel stating "That the plaintiff in this cause is trying to levy an embargo on the town and the country people who trade in the town, as is shown by this suit. The town is prospering as it never prospered before; there are one or two complaining, and this plaintiff is one of them."

It was in proof that a bond of indemnity had been given indemnifying the railway company from damages resulting from running the road into the city, which bond had not been signed by the Hannas.

*Opinion.*—Assignments of errors relating to intemperance of argument of counsel are sustained, in so far as they relate to the Hannas, and especially to "Jap" Hanna. The writer does not agree with appellant that the argument in praise of the indemnifiers is erroneous. The evidence furnished the matter of argument in their favor as public-spirited men. It is true that any judgment against the company would be virtually against the indemnifiers, and the fact that they had made themselves liable for damages incurred by bringing the railroad into the city was the subject of comment to their credit. It is true, the testimony does not show that they or any of them were so situated in the town as to be inconvenienced by the proximity of the road, nor does the contrary appear. It was matter of sufferable argument under the facts in commendation of their acts. The writer and the whole court is, however, of the opinion that the references to the Hannas, in contradistinction to the indemnifiers, was not proper. The Hannas are not to be condemned or to lose property rights because the railroad may be beneficial to the other citizens of the city, nor because other property may have become enhanced in value by the presence of the railroad. The court below declined to restrain the argument in proper bounds, as should have been done in justice to plaintiffs, thus, in our opinion, committing positive error. The matter discussed by counsel which we conclude was not proper should not have influenced the jury in arriving at a verdict. But discussed as it was, was improper, because of which a new trial should have been granted. We can not say that the verdict was not influenced by the improper remarks of counsel. Appellants' counsel has cited authorities as follows, which support this decision: Railway v. Scott, 26 S. W. Rep., 99, and cases cited therein; Dillingham v. Wood, 27 S. W. Rep., 1077; Rotan v. Maedgen, 59 S. W. Rep., 585; Railway v. Wood, 63 S. W. Rep., 654; Insurance Co. v. Stephenson, 63 S. W. Rep., 542; Railway v. Jones, 73 Texas, 234; Caraval v. Sastenova, 62 S. W. Rep., 428; Hansley v. Bell, 62 S. W. Rep., 1088, and cases

cited therein; Railway v. Burton, 60 S. W. Rep., 316; Mill and Elevator Co. v. Hobbs, 33 S. W. Rep., 924, 5 Texas Civ. App., 34; Railway v. McLendon, 26 S. W. Rep., 307; Railway v. Jones, 11 S. W. Rep., 186; Moss v. Sanger, 25 S. W. Rep., 620; Dillingham v. Seals, 14 S. W. Rep., 266; Railway v. Boocher, 18 S. W. Rep., 586; Beeville v. Jones, 11 S. W. Rep., 1128; Waterworks Co. v. Harris, 23 S. W. Rep., 47, 3 Texas Civ. App., 475; Railway v. Woods, 25 S. W. Rep., 742; Cook v. Land and Cattle Co., 25 S. W. Rep., 1035; Railway v. Duval, 30 S. W. Rep., 699; Oil and Cotton Co. v. Davenport, 37 S. W. Rep., 624; Bitterman v. Hearn, 32 S. W. Rep., 341; Railway v. Patterson, 57 S. W. Rep., 675, 677; Railway v. Holmes, 49 S. W. Rep., 658; The Oriental v. Barclay, 41 S. W. Rep., 117; Railway Co. v. Jarrell, 60 Texas, 237; Rules governing District and County Courts, Nos. 38, 39, 41; Railway v. Copeland, 45 S. W. Rep., 239; 14 Texas Civ. App., 55; Garrity v. Rankin, 55 S. W. Rep., 367, 368; Baum v. Sanger, 49 S. W. Rep., 650; Railway v. Allen, 46 S. W. Rep., 87; Railway v. O'Brien, 46 S. W. Rep., 389, 392; Railway v. Johnson, 23 S. W. Rep., 827; Storey v. Marshall, 27 S. W. Rep., 225.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

FISHER, CHIEF JUSTICE, and KEY, ASSOCIATE JUSTICE.—We approve all that is said in the foregoing opinion, except the statement to the effect that the argument in praise of the indemnitors was permissible. We can not assent to this conclusion. The facts that the indemnitors may have been public-spirited citizens and contributed means to secure the railroad, and that plaintiffs may not have belonged to that class of citizens, were wholly immaterial to any issue in the case, and could not legitimately be considered in determining the rights of the parties. And when the plaintiffs' counsel challenged the right of opposing counsel to urge the facts referred to as reasons why the jury should decide against the plaintiffs, or diminish the amount of damages, the court should have sustained the objection and required counsel to confine the argument to the issues to be decided by the jury. The matters referred to in the argument shed no light on either of those issues, but the argument based on them was calculated to arouse prejudice against the plaintiffs; and when objected to, the court should have sustained the objection, and instructed the jury to disregard the argument. But instead of doing so, the court overruled the objection, which action by the court was calculated to impress the jury with the idea that the matters referred to were material. The argument was calculated to lead the jury into error and result in harm to the plaintiffs; and neither the amount of the verdict nor the condition of the evidence is such as to render it improbable that such harm did result.

Argument impeaching or eulogizing the character of parties in a case, where character can not be an issue, is improper. 2 Enc. of Pl. and Prac., 738; Wolffe v. Minnis, 74 Ala., 386; Bradford v. State, 16 So.

Rep., 107; Patterson v. Hawley, 33 Neb., 440; State v. Upham, 38 Me., 261. And where it is of a nature calculated to prejudice the rights of either, it is reversible error when proper steps are not taken by the court to correct it.