## HOLLIDAY CREAMERY CO. v. HANEY.
### (No. 2673.)

(Court of Civil Appeals of Texas. Amarillo. April 28, 1926.)

**1. Trial ⚖⇒45(1)—Testimony of doubtful admissibility may be offered by counsel to secure ruling and preserve rights of client.**

If inadmissibility of testimony is doubtful, it may be offered by counsel for purpose of securing ruling on its admissibility so as to preserve rights of client in the record.

**2. Appeal and error ⚖⇒926(1)—Rules excluding ex parte affidavit of defendant's driver at time of collision are presumed to be known to counsel.**

Rules of evidence excluding ex parte affidavit, purporting to have been secured by plaintiff's counsel from driver of defendant's truck at time of collision, are presumed to be known to counsel offering affidavit in evidence.

**3. Trial ⚖⇒208—Refusal to instruct jury not to consider offering of ex parte affidavit, purported to have been secured from defendant's driver at time of collision, offered as a sworn statement, held reversible error, though affidavit was excluded.**

Where plaintiff's counsel, in presence of jury, offered in evidence, and sought to read, a copy of affidavit purporting to have been secured by him from driver of defendant's truck at time of collision with plaintiff, and gave jury to understand it was sworn statement of driver, and invited counsel to agree to its introduction in evidence, refusal to instruct jury not to consider offering of affidavit or conduct of counsel against defendant for any purpose is reversible error, though affidavit itself was excluded.

**4. Trial ⚖⇒351(5)—Refusal of special issues as to speed and conduct of plaintiff in automobile collision held error; special issue on contributory negligence in general not being adequate.**

Where circumstances were sufficient to make issue of fact for jury on speed of plaintiff's car and on his failure to stop after discovering that a collision was imminent, refusal of special issues was error; special issue as to contributory negligence in general terms not being sufficient.

**5. Trial ⚖⇒232(2).**

Charge defining contributory negligence as submitted in special issue in general terms *held* inadequate, where specific acts of negligence were sharply at issue.

**6. Appeal and error ⚖⇒218(2)—Failure to submit issue whether plaintiff was guilty of negligence which was proximate cause of collision not error, in absence of request to submit issue.**

Assignment of error for failure to submit to jury whether plaintiff was guilty of negligence which was proximate cause of collision is not tenable, where there was no request to submit such issue.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Wichita County Court; C. M. McFarland, Judge.

Suit by H. L. Haney against the Holliday Creamery Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Smoot & Smoot and J. R. Schoolfield, all of Wichita Falls, for appellant.

Kilgore, Montgomery & Carrigan, of Wichita Falls, for appellee.

JACKSON, J. This is a suit instituted by H. L. Haney, appellee, in the county court of Wichita county, Tex., against the Holliday Creamery Company, appellant, to recover damages in the sum of $315 for injuries to his Ford coupé, alleged to have been caused by a collision with appellant's Ford truck.

Appellee alleges that the collision occurred at the intersection of Brook and Lucille streets in the city of Wichita Falls, as the result of the negligence of appellant, its agents and employés, in driving and operating the truck at a speed of about 40 miles per hour, which was in violation of the criminal laws of Texas; that he had the right of way over appellant's truck, which was proceeding west on Lucille street, while he was going south on Brook street, and was thus approaching the intersection from appellant's right; and that such negligence was the proximate cause of the damage to his coupé.

Appellant answered by general demurrer, special exception, general denial; pleaded contributory negligence against appellee in that he was approaching the intersection driving at a rate of speed in excess of the limit allowed by law, and that he was driving the car in a reckless, careless, and negligent manner, and failed and refused to attempt in any manner to stop his car after the discovery of the approach of appellant's car.

In response to special issues submitted by the court, the jury found that appellee was not guilty of contributory negligence in driving his car on the street at the intersection at the time in question, and that he had been damaged in the sum of $100.

On this verdict, judgment was rendered for appellee.

Appellant challenges, as error, the action of the trial court in permitting appellee, over his objection, to offer in evidence before the jury the ex parte affidavit made by the agent of appellant who was driving the truck at the time of the collision, and in refusing, on motion made by appellant, to instruct the jury to disregard, in their deliberation, the affidavit, and the conduct of counsel in offering it.

The bill of exception which is approved by the court without modification is:

"After it had been shown by the testimony, without dispute on the part of the plaintiff, that George Davis, who was driving the truck for the defendant at the time of the accident, was beyond the jurisdiction of the court, and could not be located by the defendant and used as a witness in court, the counsel for plaintiff offered in open court, and in the presence of the jury, a copy of a purported affidavit made by such George Davis shortly after the accident, and made at the instance of such counsel for plaintiff, which said copy of purported affidavit the counsel for plaintiff sought to have read to the jury; and such counsel for plaintiff exhibited such affidavit in the presence of the jury, and intimated by insinuations and innuendoes that it was the sworn statement of defendant's own witness, and invited and dared defendant and his counsel to agree to its introduction to the jury, if they wanted the testimony of such witness."

The court, on appellant's objection that the affidavit, or a copy thereof, was ex parte and inadmissible, excluded it, but refused to instruct the jury, on a proper motion, to disregard the affidavit or its contents or the offer thereof in evidence.

[1, 2] If it is uncertain or doubtful as to the inadmissibility of testimony, it may be offered by counsel for the purpose of securing a ruling on its admissibility, and thus preserve the rights of his client in the record, but the rules of evidence excluding such an ex parte affidavit, under the circumstances revealed by this record, are so elementary that we must presume that counsel for appellee knew when the affidavit was offered that it was inadmissible for any purpose.

"Everything having a tendency to prejudice or influence a jury in their deliberations which is not legally admissible in evidence on the trial of the cause should be, so far as possible, kept from coming to their knowledge during the trial. An impression once made upon the mind of a juror, no matter how, will have more or less influence upon him when he retires to deliberate upon the verdict to be given, and no matter how honest or conscientious he may be, or how carefully he may have been instructed by the court to not permit such incompetent matters to influence him, or have any bearing in the case, it will be very difficult, if not impossible, for him to separate the competent from the incompetent, or to say to what extent his impressions or convictions may be attributed to that which properly should not have been permitted to come to his knowledge. But whatever the reason for the rule may be, all courts agree in excluding incompetent testimony, and that an error in this respect will be sufficient cause for reversal. This rule would be but slight protection if counsel or witnesses could be permitted to make a statement, but not under oath, of the incompetent testimony, or counsel state the same fully to the jury in their argument or otherwise. The essence of the wrong consists in the fact that such incompetent testimony is brought to the attention of the jury, more than in the method adopted in communicating the fact. No matter how the information is derived, the result is the same." Scripps v. Reilly, 38 Mich. 10.

"The persistent efforts of the plaintiff's counsel to place the contents of the letter before

the jury after it had been excluded were very reprehensible. When allowed, as it was, against the objection and exception of the defendant, on the case as made up, it was reversible error that could only be cured by showing that the letter was legally admissible." Rudd v. Rounds, 64 Vt. 432, 25 A. 438.

"When counsel for the plaintiff made his closing argument to the jury, he stated that 'he held in his hand a letter * * * acknowledging the liability of the defendant for damages, * * * then appealed to the attorney for the defendant, asking his permission to read the letter to the jury,' etc. The defendant's counsel objected at the time to such a line of argument, and the court told the jury to disregard it. The attorney for the plaintiff then withdrew the statement, and told the jury that, as the court had sustained the objection, they must give no weight to what he said in regard to the letter. * * * While such an indiscretion on the part of counsel will not always be sufficient ground for a reversal, in a case like this, where there is conflict in the testimony, or even if there had been no conflict, * * * this court will not stop to consider the effect it may have had on their minds, but will reverse at once, and direct another trial." McHenry Coal Co. v. Sneddon, 98 Ky. 684, 34 S. W. 228.

See, also, 26 R. C. L. 1021; Hanna et al. v. G., C. & S. F. Ry. Co., 27 Tex. Civ. App. 492, 65 S. W. 493; St. Louis & S. F. Ry. Co. v. Knowles, 44 Tex. Civ. App. 172, 99 S. W. 867.

In the case of Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468, the court holds it was error to permit an interrogatory to be read a number of times to different witnesses in the hearing of a jury, each witness giving a negative answer, as the only tendency of such proceeding was to possibly prejudice the minds of the jury.

[3] The record shows that appellee's counsel, in the presence of the jury, offered in evidence, and sought to read to the jury, a copy of an affidavit purporting to have been secured by him from appellant's employé, who was driving the truck at the time of the collision, and gave them to understand it was a sworn statement of appellant's witness, and invited and dared the counsel of appellant to agree to its introduction in evidence. The court properly sustained appellant's objection to the introduction of the copy of the purported affidavit, but the conduct of counsel was so clearly unwarranted and inexcusable that, in our opinion, it was reversible error for the court to refuse to sustain the motion and instruct the jury not to consider the offering of the affidavit or the conduct of counsel against appellant for any purpose whatsoever.

[4, 5] Appellant assigns, as error, the action of the trial court in refusing to correct the issue of contributory negligence as submitted, to which he seasonably objected, and in refusing to give his requested special issues in connection therewith.

The issue submitted reads:

"Was the plaintiff, Lee Haney, guilty of contributory negligence, as that term has been defined to you, in driving his car on the street at the intersection at the time in question?"

The court defined contributory negligence as that "negligence which contributes towards the happening of the event, and is a part of the proximate cause of such event." Appellant charged in its pleading that the contributory negligence of appellee consisted of driving his car at an excessive rate of speed, and of his failing to exercise ordinary care to stop after discovering the peril. He requested special charges on each of these issues, and objected to the issue as submitted by the court, because it did not include the acts relied on by him, but submitted contributory negligence in a very general way.

The facts and circumstances were, in our opinion, sufficient to make an issue of fact to be determined by the jury on the speed with which appellee was traveling and on his failure to stop his car after discovering that a collision was imminent; hence these assignments must be sustained. Panhandle & S. F. Ry. Co. v. Snodgrass et al. (Tex. Civ. App.) 278 S. W. 337; G., H. & S. A. Ry. Co. v. Freeman (Tex. Civ. App.) 273 S. W. 979.

[6] Appellant's assignments assailing as error the action of the trial court in failing to submit to the jury whether appellee was guilty of negligence which was the proximate cause of the collision is not tenable, for the reason that no request was made for the submission of such issue.

The other assignments are overruled.

For the errors discussed, the judgment is reversed, and the cause remanded.