## WOODRUM TRUCK LINES v. BAILEY.
### No. 1361—5930.

Commission of Appeals of Texas, Section B.
Feb. 15, 1933.

Sullivan, Speer & Minor, of Denton, and Collins & Houston, of Dallas, for plaintiff in error.

W. F. Smith, of Oklahoma City, Okl., and Robert H. Hopkins, of Denton, for defendant in error.

RYAN, Judge.

This suit was instituted by Bailey, defendant in error, against the partnership firm of Woodrum Truck Lines, plaintiffs in error, for damages alleged to have been sustained by Bailey as the result of an automobile collision alleged to have been proximately caused by the negligence of the agent and employee of the Truck Lines.

A jury to whom special issues were submitted found that the driver of the truck owned by the Truck Lines was not guilty of the negligence on which Bailey based his suit, that Bailey was not guilty of contributory negligence, and that the collision of the motor vehicles that resulted in the injury to plaintiff below was an unavoidable accident; the trial court accordingly rendered judgment against plaintiff below and in favor of the defendant, Truck Lines, and the individual members of that partnership firm.

Motion for new trial was overruled on December 20, 1929.

The Court of Civil Appeals held that there was no proper basis in the evidence for submitting the defense of unavoidable accident in any form, as a separate and independent defense, but this could not have resulted injuriously to the plaintiff, Bailey, since the jury's finding that the defendant Truck Lines, was not guilty of the negligence on which the suit was based was itself a separate and full defense.

The Court of Civil Appeals, in this connection, states: "On the issue as to whose fault it was that brought about the collision, the evidence was sharply conflicting. The testimony of several witnesses for the plaintiff would support a finding that the collision was the result of the negligence of the truck driver, while according to the testimony of several witnesses offered by the defendants, it was occasioned through the negligence of plaintiff and not through any negligence on the part of defendants. * * * In rebuttal of the testimony of plaintiff's witness, Sidney Willis, which tended to show that the collision resulted from the negligence of defendants' truck driver, the defendants introduced Ted

Lewis, the sheriff, who testified that he had gone to the place where Willis said he was, when he witnessed the accident, and by reason of certain natural obstructions to his view, it would have been impossible for Willis, from that location, to see the two cars as they approached the place of collision. After introducing that testimony, counsel for defendants in open court and in the presence of the jury offered and requested the court to permit the jury to go to the place of the accident and there view the surroundings."

Bailey's counsel objected to the granting of the request, and, although said request was refused by the court, took a bill of exceptions to the action of defendants' counsel in making the offer in the presence of the jury on the grounds, first, that it is not permissible for the jury to take such action while trying a case; and, second, the offer was deliberately made and calculated to and would prejudice the rights of plaintiff before a jury trying the cause, in that plaintiff was forced to object to such action, and the jury concluded, or could have concluded, from the fact that said objection was made, that the plaintiff did not desire them to view the scene of the accident, causing them to be prejudiced against him.

The Court of Civil Appeals concluded that a viewing of the premises by the jury would have been such misconduct as constitutes reversible error, and plaintiff had the legal right to object and should not be prejudiced for exercising such legal right, but plaintiff was thus placed in a situation from which the jury might construe the refusal to agree to such viewing as an admission, that the testimony of the witness, Sidney Willis, was untrue and was reasonably calculated to prejudice the rights of plaintiff; the court therefore determined that such an injury will be presumed, in the absence of any showing in the record, that it did not operate to plaintiff's harm (Bell v. Blackwell [Tex. Com. App.] 283 S. W. 765), and for that error reversed the judgment below and remanded the cause. 36 S.W.(2d) 1090, 1094.

The application for writ of error to the Supreme Court assigns as error (1) such action of the Court of Civil Appeals; and (2) the action of that court in refusing to dismiss the appeal on the ground that the appeal bond was not filed within twenty days after expiration of the term at which judgment was rendered.

We shall consider, first, the motion to dismiss the appeal.

First. Courts of Civil Appeals have the power, upon affidavit or otherwise, as by them may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction. Article 1822, Rev. Stat. 1925.

■ Whether the appeal bond was filed within the time prescribed by law was a question of fact, and therefore determinable by the Court of Civil Appeals.

■ It appears from the transcript that the trial court adjourned on December 21, 1929. That the appeal bond in the present case must have been approved and filed within twenty days thereafter is jurisdictional. Article 2253, Rev. Stat. 1925.

■ Whether the bond was so approved and filed within that period is a question of fact. The appeal bond was marked "filed" by the clerk of the trial court, on January 11, 1930, which was the twenty-first day after expiration of the term of court at which the judgment was rendered. In reply to a motion to dismiss the appeal because said bond was not filed within the statutory period, the appellant satisfied the Court of Civil Appeals, by affidavit, that, contrary to said file mark, the bond was actually filed and approved within the twenty-day period, and the motion to dismiss was overruled. We see no error in this. Blalock v. Slocomb (Tex. Com. App.) 245 S. W. 648; Maury v. Turner (Tex. Com. App.) 244 S. W. 809.

Second. Plaintiffs in error contend that there is no statute on the subject of permitting the jury to view the surroundings of the accident, and it is therefore within the discretion of the trial court to permit such view, as at common law, with the logical result that no error was committed by counsel in offering to allow such view.

■ While at common law the practice of allowing the jury to examine or view the premises or property concerning which the controversy exists (where it was impossible or inconvenient to produce the same in court) was sanctioned to a limited extent (2 Wigmore on Evidence, § 1162; Jones on Evidence [3d Ed.] § 404; 3 Jones Commentaries on Evidence [2d Ed.] § 1403), this was always a matter within the trial court's sound discretion (Jones on Evidence [3d Ed.] § 406), and in England is now controlled by statute (2 Wigmore on Evidence, § 1164; 3 Jones Commentaries on Evidence [2d Ed.] §§ 1404, 1405, 1408).

It is said by Mr. Jones in his Commentaries (volume 3, § 1404): "The origin of the practice of viewing property, shows to a certain extent, it sprang from the common law. At the present date, however, it is regarded as a statutory proceeding, and a view is usually granted and conducted under the statute laws in force. Statutes may be found in almost every state." These statutes and the rules governing in each are as various as the cases arising thereunder, resulting in conflicts of decision, more apparent than real, when considered in connection with the statutes themselves.

Different methods of procedure are provided under the different statutes concerning the trial court's discretion, and its exercise, conduct, and place of the view, appointment, and duties of showers of the premises, attendance, supervision, and conduct of the jury, presence of the judge and counsel, as well as the nature and effect of the view—also whether (a) what the jury may observe can, under any circumstances, become evidence, being limited only as means to a better understanding and application of the testimony which has been produced; or (b) whether it may, as mute evidence, be used by the jury in reaching a conclusion, like any other evidence offered, even to the extent of being taken as determinative of the dispute to the exclusion of parol testimony; or (c) whether the jury's observation may be used as evidence, not as preponderating or in itself sufficient to uphold a verdict, but as supported by what actually appears in the record. Notes to People of the State of New York v. Thorn, 42 L. R. A. 368.

■ In this state, however, since the Act of May 13, 1846 (2 Gammel's Laws, p. 1669), under section 107 thereof (carried into the Rev. Stat. 1925 as art. 2175), reading "all vouchers, views, essoins, and also trials by wager of battle and wager of law are repealed," all laws authorizing a trial by view were repealed, and we have no such practice. Galveston, H. & W. Ry. Co. v. Waples et al., 3 Willson, Civ. Cas. Ct. App. page 484, § 410. As said by Chief Justice Roberts in Smith v. State, 42 Tex. 444: "There is thus no authority found in this State for such a mode of enlightening * * * the jury as to the material facts of a case which they have to try." In Austin & N. W. R. Co. v. Cluck, 97 Tex. 181, 77 S. W. 403, 64 L. R. A. 494, 104 Am. St. Rep. 863, 1 Ann. Cas. 261, Judge Brown calls attention to such repeal of the right of view under the common law.

In Lovett v. State, 87 Tex. Cr. R. 548, 223 S. W. 210, it appeared that the jury, pending the trial, were permitted to visit the scene of a homicide and view the ground, its location and environments. In reversing a judgment of conviction Judge Davidson said that this character of conduct is not legally justifiable. To the same effect see Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Hovey v. Sanders (Tex. Civ. App.) 174 S. W. 1025; Ft. Worth Imp. Dist. v. Weatherred (Tex. Civ. App.) 149 S. W. 550; Texas Mid. R. R. v. Brown (Tex. Com. App.) 228 S. W. 915; Letsinger v. Panhandle & S. F. R. Co. (Tex. Civ. App.) 286 S. W. 1107; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104.

As correctly said by the Court of Civil Appeals: "Manifestly, it would have been error for the court to grant the request of defendant's counsel to have the jury go out and view the place of the accident with its surroundings. * * * Clearly, plaintiff's counsel had the legal right to object to the granting of the motion made by defendant's counsel, and plaintiff should not be prejudiced for exercising that legal right; yet his refusal to agree to that action by the jury might probably be construed * * * as an admission that the testimony of plaintiff's witness Sidney Willis was untrue. * * * Since the action taken was reasonably calculated to prejudice the right of plaintiff, such an injury will be presumed, in the absence of any showing in the record that it did not operate to plaintiff's harm."

■ The issues were sharply drawn and the testimony closely conflicting. The testimony of Willis tended to show that the collision resulted from the negligence of defendant's truck driver; in rebuttal thereof, the defendants introduced Ted Lewis, sheriff of the county, who testified that he had gone to the place where Willis said he was when he witnessed the accident, and that, by reason of certain natural obstructions to his view, it would have been impossible for Willis, from that location, to see the two cars as they approached the place of collision; then counsel for defendants in open court and in the presence of the jury offered and requested the court to permit the jury to go to the place of the accident and there view the surroundings.

What more natural conclusion would a jury of laymen reach, under such circumstances, than that a view of the premises would disclose the correctness of the sheriff's testimony and plaintiff feared to let them have the benefit of such a view?

■ Doubtful questions of evidence or procedure should not be proposed or discussed in the presence of the jury. Letsinger v. Panhandle & S. F. R. Co. (Tex. Civ. App.) 286 S. W. 1107.

As said by Judge Jackson in Holliday Creamery Co. v. Haney (Tex. Civ. App.) 283 S. W. 938, 939, quoting from Scripps v. Reilly, 38 Mich. 10: "The essence of the wrong consists in the fact that such incompetent testimony is brought to the attention of the jury, more than in the method adopted in communicating the fact. No matter how the information is derived, the result is the same."

The Court of Civil Appeals concluded that the action of defendants' counsel in the matter was reasonably calculated to prejudice the right of plaintiff (defendant in error here); in this we concur, and therefore recommend that its judgment reversing that of the trial court and remanding the cause be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals, which reverses the judgment of the trial court, is affirmed, as recommended by the Commission of Appeals.