### B. B. Yarborough v. C. Weaver.

#### No. 130.

1. **Attachment — Actual Damages.**—If the grounds upon which an attachment is sued out do not in fact exist, actual damages resulting from the wrongful suing out of the writ are recoverable.

2. **Same — Probable Cause — Exemplary Damages — Charge.**—To show that plaintiff in the writ acted in good faith, and that there was probable cause for his action, would be a sufficient answer to a claim for exemplary damages, but would not constitute a good defense to the suit for actual damages for the wrongful suing out of the attachment.   It was not improper, therefore, to refuse a charge to the effect that if probable cause existed for the attachment, neither actual nor exemplary damages could be recovered.

3. **Special Charges—Practice.**—Where several special charges are presented together, constituting different paragraphs on the same paper, and one of the paragraphs does not correctly present the law of the case, it is not error for the court to reject the entire paper offered.

4. **Measure of Damages—Charge—Immaterial Error.**—A charge of the court upon the measure of damages, otherwise correct, which directed the jury to find the value of the cattle "just prior to the levy of the writ," is objectionable; but as there is nothing in the evidence to indicate that the condition or value of the cattle at any time before and reasonably proximate to the levy was different from their condition and value at the time of the levy, the error was immaterial.

5. **Damages—Attorney Fees not an Element—Evidence.**—Attorney fees to prosecute the claim of defendant in attachment for damages can not be considered as a natural and proximate consequence of the suing out and levy of the attachment, and is not an element of damage which the defendant in attachment is entitled to have considered by the jury, and evidence relating thereto is inadmissible.

6. **Interrogatory Calculated to Prejudice Jury.**—Where each of a number of different witnesses deposed positively "no" in answer to the interrogatory, "Didn't Yarbrough tell you that Weaver was a damned old rascal, and that he had it in for Weaver; didn't he tell you that he intended to put James L. Weaver in the penitentiary for stealing?" and the court's attention was called to the fact that each of the witnesses so answered, and over objection of appellant the court permitted the interrogatory to be reread in the hearing of the jury as many times as there were witnesses to whom it was propounded, the tendency was to prejudice the minds of the jury against appellant, the plaintiff in attachment, and the objection should have been sustained.

7. **Evidence—Malice.**—Evidence that appellant had not spoken to appellee at a time subsequent to the suing out and levy of the attachment, and that he had not spoken to appellee since they had met in the sheriff's office, where appellant had sent for appellee to come and try to compromise this case, was inadmissible, because the condition of appellant's mind toward appellee at such time was immaterial, and for the further reason that it brought before the jury the fact that appellant had sought to compromise the case; the tendency of such evidence being to prejudice appellant's case.

8. **Cost Bond not Required of Defendant — Reconvention.**—The statute regulating cost bonds does not require a defendant to give one in case he should reconvene for damages in a suit against him. In the absence of a statute giving the right to require such a bond, the court would not have authority so to do.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

*E. C. McLean* and *Head & Dillard,* for appellant.—1. The court erred in its charge, that the measure of actual damages would be the fair reasonable cash market value of the cattle so levied on and belonging to the defendant at the time and place of the levy, and as such cattle were situated and surrounded just prior to the levy of said writ, etc.; because the true measure of damages was the difference between the value at the time and place of the levy and the price realized at such sale, and the value should

have been fixed at the time of the levy, and not, as charged, "just prior to the levy," as it was liable to mislead the jury.    An erroneous charge is presumed to have been injurious, and appellees must show that it was harmless.    Railway v. Greenlee, 62 Texas, 344.

2. The attorney fees of a defendant in prosecuting a suit for wrongful attachment is never a proper element of damages, and the amount of these fees can not be taken as the measure of punishment or as a necessary element in its infliction.    Neese v. Radford, 83 Texas, 588; Landa v. Obert, 45 Texas, 539; Salado College v. Davis, 47 Texas, 136; Railway v. Ware, 74 Texas, 47; Stewart v. Sonneberg, 98 U. S., 187; Oelrichs v. Williams, 82 U. S., 211; Day v. Woodworth, 13 How., 370; Oelrich v. Spain, 15 Wall., 211; Fairbanks v. Wilter, 86 Am. Dec., 765; Stevens v. Morris, 41 Am. Rep., 481.

3. The court erred in admitting, over the objections of plaintiff, the evidence of witnesses as to conversations with plaintiff after the institution of this suit as to expressions made by plaintiff against defendant and defendant's son, James Weaver, as said evidence was calculated to prejudice the jury against plaintiff.    Woods' Prac. Ev., 500; Westmoreland v. Mell, 1 Ohio St., 26; 1 Greenl. on Ev., sec. 108.

*Charles Crenshaw, C. L. Vowel,* and *C. B. Randell,* for appellee.

1. The court did not err in its charge upon the measure of damages. Wallace v. Finberg, 46 Texas, 48; 58 Texas, 350; Miller v. Jannet, 63 Texas, 82; 63 Texas, 419; Mulhaul v. Feller, 1 W. & W. C. C., secs. 1142, 1216, 950.

2. It is established in this State, that attorney fees are a legitimate element of exemplary damages, when they are warranted under the facts. Wallace v. Finberg, 46 Texas, 35; Hughes v. Brook, 36 Texas, 397; 72 Texas, 445; 50 Texas, 143; 1 W. & W. C. C., sec. 948; Landa v. Obert, 45 Texas, 539.

3. Declarations of the plaintiff made immediately after the issuance of the writ of attachment as to the state of his feelings towards the defendant, was in law a part of the res gestae, and were admissible in evidence to show what the state of plaintiff's mind and feelings were at the time of the issuance of the writ of attachment against defendant.    Newman v. Dodson, 61 Texas, 91; 1 W. & W. C. C., sec. 217; Wright v. Linn, 16 Texas, 34; Galahy v. Bayley, 25 Texas Supp., 294; Lewy v. Fischl, 65 Texas, 301.

FINLEY, ASSOCIATE JUSTICE.—Appellant, as plaintiff in the court below, instituted this suit on a note signed by appellee for the sum of $1223.35, with interest at the rate of 10 per cent from maturity.    The note was dated March 16, 1886, and was due November 1 after date. Suit was filed October, 26 1889, and an attachment was issued on the

ground that defendant was about to dispose of his property with intent to defraud his creditors, and that defendant was about to convert his property into money for the purpose of placing it beyond the reach of his creditors.

The attachment was levied on cattle in Montague County. An order of sale was granted, and the cattle sold on November 20, 1889. The plaintiff purchased a portion of the cattle at said sale.

The defendant, in his answer, admitted the execution and delivery to the plaintiff of the note sued on as charged in plaintiff's petition, and pleaded in reconvention for damages, alleging, that the grounds set forth in the affidavit for attachment were false and untrue, and were made and sworn to by plaintiff with evil intent and malice aforethought, for the purpose of injuring and harrassing defendant. That the cattle levied on were sold for the sum of $1251.75, when the same were worth $3750, and that his actual damages were $2498.25 by reason of said fact.

That by said wrongful, malicious, etc., levy of said attachment, he was damaged in his business and reputation, his business standing and credit injured; was compelled to employ an attorney to defend the suit, said services being worth $500; that he had suffered physical and mental pain and anguish, and sustained exemplary damages in the sum of $10,000.

Plaintiff filed supplemental petition, alleging, that if the cattle sold for less than their full value, which plaintiff denied, that the failure to sell for all they were worth was in consequence of notice having been given at said sale that there was a mortgage on said cattle, and that said mortgage would follow said cattle.

The trial resulted in a verdict and judgment for the plaintiff for the amount of his debt, and in favor of the defendant for the sum of $2500 actual damages and $645 as exemplary damages.

*Opinion.*—If the grounds upon which the attachment was sued out did not in fact exist, the defendant had a right to recover his actual damages resulting from the wrongful suing out of the writ. To show that the plaintiff in the writ acted in good faith, and that there was probable cause for his action, would be a sufficient answer to a claim for exemplary damages, but would not constitute a good defense to the suit for actual damages for the wrongful suing out of the attachment. The remedy is an extraordinary and harsh one, and one who adopts it must take the risk of liability for actual damages flowing therefrom, in the event the grounds upon which it is called into action should be proved to be untrue. Culberson v. Cabeen, 29 Texas, 253; Carothers v. McIlhenny Co., 63 Texas, 140. The court therefore properly refused to give a special charge asked, to the effect, that if probable cause existed for the suing out of the attachment, neither actual nor exemplary damages could be recovered.

The second and fourth assignments of error also relate to the action of

the court in refusing special charges asked.   All the special charges were presented together to the court, and constituted different paragraphs of the same paper.   As we have seen, the first paragraph did not correctly present the law of the case, and therefore the court did not err in reject- ing the entire paper offered.   The court was under no obligation to sep- arate the paragraphs, and give that which was correct and refuse that which was error.

The fifth assignment of error complains of the charge of the court upon the measure of damages.   The measure of damages, as charged, was as follows:   "The fair and reasonable cash value of the cattle so levied on and belonging to the defendant at the time and place of the levy, and as such cattle were situated and surrounded *just prior* to the levy of such writ, with interest on said amount from the date of the levy to this date, at 6 per cent per annum."   The charge would correctly state the measure of damages, if the clause "and as such cattle were situated and sur- rounded just prior to the levy of said writ" had been left out of it.   The phrase "just prior to the levy" is the objectionable part of the charge. Looking to the evidence in the case, we find nothing to indicate that the condition or value of the cattle at any time before and reasonably prox- imate to the levy was different from their condition and value at the time of the levy.   We see no way for the jury to have been misled by this charge to the injury of appellant, and must consider the error not material.

The sixth assignment brings in review the action of the court in admit- ting evidence as to the reasonable value of defendant's attorney fees in this case, to be considered on the issue of exemplary damages.   Attorney fees to prosecute defendant's claim for damages can not be considered as a natural and proximate consequence of the suing out and levy of the writ of attachment, and is not an element of damage which the defendant was entitled to have considered by the jury.   In the case of Landa v. Obert, 45 Texas, 542, our Supreme Court consider and discuss elaborately the question involved in this assignment, and as we understand the case, it announces that such attorney fees should not be presented to the jury as an element of damages.   The cases cited in that opinion also support that view.   The objection to the evidence should have been sustained by the court below, and the evidence excluded.

The eighth assignment of error does not conform to the rules, and is not entitled to be considered.

The ninth assignment of error complains of the action of the court in permitting the following interrogatory to be read in the hearing of the jury a number of times, the same being propounded to a number of dif- ferent witnesses, and each witness answering the same in the negative: "Didn't Yarborough tell you that Weaver was a damned old rascal, and that he had it in for Weaver?   Didn't he tell you that he intended to

put James L. Weaver in the penitentiary for stealing?" The court's attention was called to the fact that each one of the number of witnesses answered this interrogatory, positively, no; and yet the court permitted the interrogatory to be reread in the hearing of the jury as many times as there were witnesses to whom it was propounded. The court should have sustained the counsel in the objection to the reading of the interrogatories. No possible light could have been thrown upon the issues involved in the case by reading such questions where negative answers were given, and the only tendency of it was to possibly prejudice the minds of the jury against the plaintiff.

The tenth assignment of error does not comply with the rules in specifically pointing out the errors complained of, and for that reason will not be considered.

The eleventh assignment of error we do not think well taken. The charge of the court upon the issue as to whether the plaintiff was the sole owner of the cattle seized under attachment, together with the special charge given upon that subject, we think correctly presented the matter to the jury.

The twelfth assignment of error is directed against the action of the court in permitting the defendant to testify, that plaintiff did not speak to him "at the trial of the rights of property between plaintiff and his son for horses levied on under the attachment in this suit; and that the plaintiff had not spoken to him since the last term of the District Court of Grayson County, after they had met in the sheriff's office, where plaintiff had sent to defendant to come and try to compromise this case." The objection should have been sustained to this evidence. It was not competent in any view, and could only tend to prejudice plaintiff's case. It brought before the jury the fact that plaintiff was mad at the defendant subsequent to the original suing out and levy of the attachment, while the condition of his mind toward defendant at such time was wholly immaterial to the issues involved; it also brought before them the fact that plaintiff had sought to compromise the case, and this was calculated to influence the minds of the jury against the justness of plaintiff's cause.

The thirteenth assignment of error is as follows: "The court erred in overruling the motion of plaintiff to require defendant to give security for costs in this cause." We do not think this assignment of error is well taken. The statute regulating the giving of cost bonds does not provide for and require the defendant to give bond for costs in case he should reconvene for damages in a suit against him. In the absence of a statute giving the right to require such a bond, the court would not have authority so to do. Rev. Stats., art. 1441.

The remaining assignments of error present questions as to the sufficiency of the evidence to sustain the verdict in different points of view.

As the cause is to be reversed upon other grounds, it would be unprofitable to discuss these assignments, and we shall refrain from doing so.

For the errors pointed out above, the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 10, 1894.