# FIFTH DISTRICT, 1896.

J. A. GARDNER v. J. R. BELL ET AL.

Delivered September 19, 1896.

**Attachment—Damages for—Actual Damage Must be Shown.**

C. G., a merchant, by trust deed conveyed his stock of goods to J. G., as trustee, to secure certain debts. D. & Co., creditors of C. G., attached a part of the goods by a levy made and inventory taken, but without removing the goods from the shelves, as J. G., then in possession, promised the officer to replevy them soon. J. G. then had C. G., defendant in that suit, to replevy the goods, and he, J. G., retained the possession thereof and sold the goods. The attachment was quashed because of a defect, and J. G. sued D. & Co., for the value of the goods. Held, that plaintiff was not entitled to recover; following Field v. Munster, 11 Texas Civ. App., 341, to the effect that, although a seizure or conversion may be wrongful, some damage must be shown to warrant a recovery therefor.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Crawford & Crawford,* for appellant.—1. There being no evidence in the case that C. A. Gardner and J. A. Gardner entered into any scheme, understanding or agreement by which C. A. Gardner was to replevy the goods, and that they were then to be restored to the possession of J. A. Gardner, and that they were returned to the possession of J. A. Gardner, it was error to submit such a theory to the jury. A charge which makes the controlling issue in the case one to which no evidence had been adduced is erroneous and requires a reversal. Altgelt v. Brister, 57 Texas, 435; Sanger Bros. v. Henderson, 1 Texas Civ. App., 412; Railway v. Gilmore, 62 Texas, 391; Railway v. Platzer, 73 Texas, 124.

2. In replevying the goods C. A. Gardner, the defendant in the attachment suit, was but exercising a legal right, and the fact that he did, as defendant in the attachment suit, replevy the goods, could in no wise impair or defeat the right of J. A. Gardner, the trustee in the deed of trust. Upon the quashing of the writ of attachment the only disposition which the constable could make of the goods would be to return them to the defendant in the attachment writ. The conversion was complete. When the goods were levied upon by the constable and taken from J. A. Gardner's possession, his right of action was then complete, and could not be defeated by what subsequently occurred. Weaver v. Ashcroft, 50 Texas, 445. Schooler v. Hutchins, 66 Texas, 330; Casey v. Chaytor, 5 Texas Civ. App., 385.

3. J. A. Gardner was under no obligation to file an affidavit and claim bond under the statute. He might resort to his common law

remedy and sue the officer.   Moore v. Gammel, 13 Texas, 121; Lang v. Daugherty, 74 Texas, 229.

4.   The constable had no writ or process against J. A. Gardner, and as to him the levy was a naked trespass for which there is no defense.

5.   In Field v. Munster the decision is based upon the ground that the defendant sued for a conversion is upon the payment of the judgment vested with the title to the goods seized by him.   That rule has no application to this case.   Here the goods were replevied, and under the Revised Statutes the replevy bond takes the place of and is a substitute for the goods.   The conditions of the bond are that the defendant will satisfy the judgment or pay the value of the goods with interest.   Carothers v. Wilkinson, 2 Willson's C. C., sec. 355; Freiburg v. Elliott, 64 Texas, 367.

*Leake, Henry, Reeves & Greer*, for appellees.—The pleadings and evidence both raise the question as to who replevied the property; it was therefore proper for the court to submit that question to the jury for their consideration.   Field v. Munster, 11 Texas Civ. App., 341, and authorities there cited; Field v. Munster, 33 S. W. Rep., 852, and authorities there cited.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellant against J. R. Bell, constable, and the sureties on his official bond, and also against Dalshiemer & Co. and the sureties on their indemnity bond, to recover as damages the value of certain merchandise levied upon by the constable under a writ of attachment in case of Dalsheimer & Co. v. C. A. Gardner.   There was a judgment for the defendants, from which this appeal has been taken.

From the testimony, and the verdict and judgment thereon, we conclude,—that about December 13, 1892, C. A. Gardner executed to his father, J. A. Gardner, as trustee, a deed of trust upon his stock of merchandise in Alvarado and Hillsboro, Texas, to secure certain debts.   On December 18, 1892, Dalsheimer & Co., who were creditors of C. A. Gardner, sued out a writ of attachment against him in the District Court of Dallas County, for about $2544, which they caused to be placed in the hands of appellee J. R. Bell, as constable, and on December 19, 1892, levied upon a portion of said merchandise at Alvarado. The goods levied upon were inventoried by the constable at $8653.18; but were not removed from the shelves or otherwise separated from the stock, and were left by him with other goods at the request of appellant J. A. Gardner, the trustee, who promised to replevy them and execute proper replevy bond therefor.

On December 29, 1892, appellant J. A. Gardner procured J. R. Bell, the constable, to go to Dallas, and paid his way there, so that appellant's attorneys could fix up the replevy bond in Dallas.   The replevy bond was fixed by appellant's attorneys, one of them being a surety on the bond, which was executed in the name of C. A. Gardner, who was

also present and assisting therein. After the execution and delivery of the replevy bond the merchandise was turned over to appellant and his said attorneys, said merchandise never having been touched or separated from the balance of the stock, except to inventory the same, which was done without injury. After the replevy of the goods the same were sold by appellant and his attorneys at private sale.

The attachment in the above styled case of Dalsheimer & Co. v. C. A. Gardner was subsequently quashed by the District Court of Dallas County, on account of some defect in the proceeding, and the plaintiffs in that case recovered judgment against C. A. Gardner for their debt only, and received no benefit whatever from the attachment.

The first and second assignments of error are based upon the following charge of the court: "In this case the plaintiff is entitled to recover the reasonable market value of the property levied upon under the writ of attachment in evidence at the time and place of such levy, with interest at the rate of six per cent per annum thereon from the date of the levy, and you will so find, unless you find and believe from the evidence that through a scheme and agreement entered into by C. A. Gardner and J. A. Gardner and their attorneys, J. A. Gardner, plaintiff herein, by means and use of the name of C. A. Gardner, took the course of replevying the goods levied upon to get back into his, J. A. Gardner's, possession said goods in question, and that he, J. A. Gardner, did so get back said goods into his possession by such means, with the consent and assistance and procurement of C. A. Gardner, in which latter event you will find for defendants."

It is insisted by appellant that the charge was erroneous, because there was no evidence tending to show that there was any scheme, understanding or agreement between C. A. Gardner, J. A. Gardner, and their attorneys, by which the goods were to be replevied in the name of C. A. Gardner, and the possession restored to J. A. Gardner.

We cannot agree to this contention. It was shown that appellant J. A. Gardner requested the constable not to remove the goods, so that he could replevy them; that appellant procured the constable to go to Dallas, and paid his way there from Alvarado, to see his (appellant's) attorneys so that the replevy bond might be executed under the direction of such counsel; that the bond was so executed, and was made in the name of C. A. Gardner, appellant's son, who was defendant in the writ, and who was present and assisting therein; that appellant's attorneys had discovered before the execution of the replevy bond, a defect in the attachment proceedings, by which the writ could be quashed; that after the replevy bond was executed the merchandise was turned over by the constable to appellant and his attorneys, who took possession thereof and sold the same at private sale. Appellant and his attorneys and C. A. Gardner clearly acted together in the whole transaction. There was no injury shown to the goods, and there was no special damage shown by reason of their detention while the bond was being made.

Field v. Munster, 11 Texas Civ. App., 341, and authorities there cited; Munster v. Field, 33 S. W. Rep., 852.

We deem it unnecessary to notice in detail the different assignments of error presented by counsel and which seek to invoke the harsh rule laid down in Schooler v. Hutchins, 66 Texas, 324. That line of decisions has been fully reviewed by the Court of Civil Appeals in an able and exhaustive opinion by Judge Key in the case of Field v. Munster, above, 11 Texas Civ. App., 341, which has been approved by our Supreme Court. It is now firmly established that some damage must be shown before a recovery can be had.

In this case, the replevy of the goods by appellant and his counsel using the name of the defendant in the writ through which to get possession of the goods, would not change the simple fact that appellant received the goods, sold them, and collected the proceeds; and now seeks to recover of appellees the value of the same goods.

We find no error in the judgment, and it is affirmed.

*Affirmed.*