### D. B. LAWSON v. B. S. GOODWIN.

Decided December 21, 1904.

**1.—Attachment—Damages, Actual and Exemplary.**

Where in attachment the evidence shows that no actual damages were occasioned by reason of the levy, a recovery for exemplary damages can not be sustained.

**2.—Same—Exemplary Damages—Mistake by Landlord.**

A landlord is not liable for exemplary damages where, in an action against a tenant for rent he intended suing out a distress warrant, for which he had sufficient grounds, but by mistake got out an attachment.

Appeal from the County Court of Grimes. Tried below before Hon. J. G. McDonald.

*J. Earl Preston,* for appellant.—In suits to recover actual and exemplary damages for wrongfully, unlawfully and maliciously suing out writs of attachment and other harsh processes, the party suing is not entitled to exemplary damages unless he recovers some actual damages. Harrison v. Finberg, 46 Texas, 87; Bradshaw v. Buchanan, 50 Texas, 494; Flanigan v. Perry, 54 Texas, 50; Craddock v. Goodwin, 54 Texas, 578; Blum v. Gains, 57 Texas, 135; W. U. T. Co. v. Brown, 58 Texas, 174; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 569; Vance v. Linsey, 60 Texas, 291; Jones v. Mathews, 75 Texas, 3; Gulf, C. & S. F. Ry. Co. v. Kirkbride; 79 Texas, 460; Hishfield v. Fort Worth Nat. Bank, 83 Texas, 460; Girard v. Moore, 86 Texas, 576.

*H. L. Lewis,* for appellee.—The writ of attachment was wrongfully, maliciously and without probable cause sued out by appellant, and by him caused to be levied on certain property of the appellee, for which appellee is entitled to exemplary damages. Jacobs et al. v. Crum, 62 Texas, 401; Brooks v. Sanger, 69 Texas, 24; Bisring v. Bank, 69 Texas, 599; Blum v. Strong, 71 Texas, 234; Kaufman v. Nicks, 62 Texas, 234; Walcott v. Hendrick, 6 Texas, 406; Willis v. McNabb, 12 S. W. Rep., 478; Lewis v. Taylor, 24 S. W. Rep., 92; Carothers v. McIlhenny, 63 Texas, 138.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought suit in the Justice Court upon a claim for $70 alleged to be due for rents and for advances made to appellee to enable him to make a crop upon land rented him by appellant. At the time the suit was brought appellant applied for a writ of attachment, which was issued by the justice and was levied upon seventy barrels of corn, 1200 pounds of cotton seed

and a stack of fodder belonging to appellee, and which had all been grown on the rented premises. This property was replevied by appellee.

The defendant answered in the Justice Court by exceptions to the attachment proceedings and by plea in reconvention in which he claimed damages against the plaintiff as follows: "For injury to his crop caused by the depredations of plaintiff's stock, $35; for actual damages caused by the wrongful suing out of the attachment, $75, and for exemplary damages in the sum of $85."

The exception to the attachment proceedings was sustained. Thereupon plaintiff dismissed his suit against the defendant, and the cause went to trial upon defendant's plea in reconvention and resulted in a judgment in his favor. Upon appeal by the plaintiff to the County Court of Grimes County and a trial de novo therein by a jury defendant again recovered a verdict and judgment on his plea in reconvention, the amount of said judgment being $115.

The verdict of the jury is as follows: "We, the jury, find for the defendant, B. S. Goodwin, the following, to wit: Actual damages, $25; for property levied on, $40; for exemplary, $50. S. S. Mallett, Foreman."

The appellant under appropriate assignments assails this verdict on the ground that there is no evidence to sustain the item of $40 "for the property levied on," nor that for $50 "for exemplary" (damages).

These assignments must be sustained. There is no evidence that the property levied upon was injured in the least by the levy nor that appellee suffered any damages by being deprived of its use during the time it was in the possession of the officer. It is not clear what the jury intended by the verdict; whether the $40 was the value of the property, or the actual damages caused by the levy. If they intended to award appellee as damages the value of the property levied upon the verdict can not be sustained, because the undisputed evidence shows that appellee replevied the property within a short time after it was seized, and therefore is not entitled to recover its value. If the case were one in which the value of the property was a proper measure of damage the verdict could not be sustained because there is no evidence to show the value of the property.

The evidence fails to show any actual damage to appellee caused by the suing out or levy of the attachment, and therefore the $40 item in the verdict can not be sustained on the theory that the jury intended it as actual damages for suing out the attachment. No special damage is pleaded, and from the nature and amount of the property it is clear that the interest upon its value for the short time it was in the possession of the officer, which would be the measure of the general damages recoverable by the defendant, is too small a sum to be considered. The evidence failing to show any actual damage there could be no recovery of exemplary damages.

We are further of the opinion that had the evidence shown actual damages caused by the suing out of the attachment no exemplary damages could be recovered under the facts of this case, there being nothing in the evidence to show malice on the part of appellant in procuring the attachment. He supposed he was getting out a distress warrant,

and the undisputed facts in the case show that he was entitled to that writ. The appellee admits that he was appellant's tenant and owed him rent, and that he had removed the crop from the rented premises without the consent of his landlord. Under these facts appellant had the right to have the crop seized, and his mistake in procuring a writ of attachment instead of a distress warrant would not of itself authorize a recovery of exemplary damages against him.

The evidence sustains the item of $25 actual damages to defendant's crop caused by depredations of plaintiff's stock.

The remaining assignments are not presented in such manner as to require our consideration.

We are of opinion that the judgment of the court below should be affirmed as to the $25 recovered as actual damages and reversed and rendered in favor of appellant as to the items of $40 and $50 found by the verdict, and it is so ordered.

*Affirmed in part; reversed and rendered in part.*