ROWE v. CRUTCHFIELD et al.   (No. 7926.)

(Court of Civil Appeals of Texas.   Ft. Worth.
April 18, 1914.)

1. ATTACHMENT (§ 374*)—WRONGFUL ATTACH-
MENT—EVIDENCE.

In an action on a note, evidence *held* not
to sustain a finding by the jury that an attach-
ment was wrongfully issued and levied.

[Ed. Note.—For other cases, see Attachment,
Cent. Dig. §§ 1363–1372, 1392; Dec. Dig. §
374.*]

2. ATTACHMENT (§ 374*)—WRONGFUL ATTACH-
MENT—EVIDENCE.

That an attachment levied was quashed
does not justify a finding that it was wrongfully
issued and levied.

[Ed. Note.—For other cases, see Attachment,
Cent. Dig. §§ 1363–1372, 1392; Dec. Dig. §
374.*]

3. ATTACHMENT (§ 375*)—WRONGFUL ATTACH-
MENT—DAMAGES.

A defendant is not entitled to damages as
of course upon the mere wrongful issuance and
levy of an attachment, but, to recover even
nominal damages, some actual damage must
be shown.

[Ed. Note.—For other cases, see Attachment,
Cent. Dig. §§ 1378–1385, 1387, 1393, 1394,
1398, 1399; Dec. Dig. § 375.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS
OF ERROR—PROPOSITIONS AND STATEMENTS
ACCOMPANYING ASSIGNMENT.

Assignments not followed by appropriate
propositions or statements will not be consid-
ered.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Denton County Court; S. H.
Hoskins, Judge.

Action by T. A. Rowe against Marion
Crutchfield and others.   Judgment for de-
fendants, and plaintiff appeals.   Reversed
and rendered.

Robt. H. Hopkins and T. G. Milliken, of
Dallas, for appellant.   Zumwalt & Key and
Sullivan & Hill, all of Denton, for appellees.

CONNER, C. J.   This suit was originally
instituted in a justice court by T. A. Rowe
against Marion Crutchfield and John Vaultz
upon a promissory note executed on the 22d
day of December, 1906, by Marion Crutch-
field, Eliza Crutchfield, and John Vaultz for
the sum of $60, and bearing interest and pro-
viding for attorney's fees as usual in such
cases.

The defendants answered that Eliza Crutch-
field was the principal, and that defendants
were but sureties; that said principal had
died since the execution of the note with ad-
ministration upon her estate; and that the
note had never been presented to the admin-
istrator for payment; and hence that the
plaintiff was estopped.   In addition to this
plea they specially pleaded damages in the
sum of $150, because of an alleged wrongful
issuance and levy of an attachment.

Upon the disposition of the case in the jus-
tice court, it was appealed to the county court
and again tried upon the issues stated where

the plaintiff, upon the verdict of a jury, was
adjudged the amount sued for on his note,
with interest from its date, less the sum of
$75 found by the jury as damages because of
a wrongful issuance and levy of the attach-
ment.   The amount of the judgment in plain-
tiff's favor after the deduction stated was
$24.50.

[1–3] Substantially the only question pre-
sented by appellant's assignments of error is
whether the evidence supports the verdict of
the jury in appellee's favor on the issue of
damages.   We are of the opinion that the
assignments raising this question must be
sustained.   The evidence tending to support
the issue amounts only to proof that an at-
tachment was issued, levied, and later quash-
ed, and that, at the time of the levy of the
attachment, the appellee Marion Crutchfield
"had stuff out of which the plaintiff could
have collected his debt."   Appellee also urg-
es evidence to the effect that, prior to the
institution of the suit, the defendant had
offered the plaintiff "$50."   The writ of at-
tachment, however, was not offered in evi-
dence nor the circumstances of its levy
shown.   It merely appears that it was levied
and later quashed.   The ground upon which
the writ was quashed is not shown.   It ap-
pears that, after the levy and quashal of the
writ, the property was returned to the de-
fendant Crutchfield.   All he testifies upon
the subject is: "I think they set aside that
attachment up there some way.   They did
not hold my stuff."   There was no showing
that the allegations in the affidavit of attach-
ment were untrue.   For aught that appears
in the record, the defendants may have had
the property referred to in their testimony,
and yet it might have been true that they
were about to transfer the same for the pur-
pose of defrauding their creditors, or some
other ground authorizing the writ may have
in fact existed.   Neither is there any evi-
dence referred to tending to show the char-
acter of the property levied upon, whether
real or personal, how long it was retained
by the sheriff, nor that it was in a damaged
condition when returned, nor that the de-
fendants were entitled to recover for its use
and detention, nor that the amount of $50
was all that was due upon plaintiff's note at
the time of the offer.   Something more than
this, we think, must be shown to authorize
the imposition of compensatory damages for
the issuance and levy of an attachment.   A
defendant is not entitled to damages as of
course upon the mere issuance and levy of a
writ.   In order to recover even nominal dam-
ages, some actual damage must be shown.
See Jordan v. David, 20 Tex. 712; Gardner
v. Bell, 14 Tex. Civ. App. 356, 38 S. W. 239;
Hume v. Netter A. Geismar & Co., 72 S. W.
865; Seal v. Holcomb, 48 Tex. Civ. App. 330,
107 S. W. 916.   We are of the opinion,
therefore, that the verdict and judgment in
behalf of appellees for damages in the sum

of $75, as recovered by them, should be set aside.

[4] Appellees also complain and ask for a reversal of the judgment by cross-assignments of error. These assignments are numbered first, second, third, fourth, fifth, sixth, seventh, and eighth. They follow each other consecutively, but none of them are followed by appropriate propositions or statements, as required by the rules, and hence cannot be considered, as has been many times determined in like cases.

The record discloses that appellee Marion Crutchfield, whose property it seems was levied upon, testified as a witness upon the trial, and there is nothing to suggest that upon another trial his testimony would be other or different on the issue of the wrongful issuance of the attachment. Under such circumstances, we hardly feel justified in remanding the case merely to afford said appellee an opportunity to offer additional evidence that may possibly exist. We accordingly conclude that the judgment should be reversed and here rendered for appellant for the amount of his note, together with interest and attorney's fees, as shown in the evidence, and denying appellees any recovery on their cross-plea for damages.

Judgment accordingly.