KUBENA v. MIKULASCIK. (No. 7975.)

(Court of Civil Appeals of Texas. Galveston.
Jan. 12, 1921.)

1. Landlord and tenant ⬅231(3)—Testimony as to reasonable rental value held admissible.

In landlord's action for rent, in which he claimed that the tenant was holding over after expiration of other term, and that no rent had been agreed upon, refusal to permit landlord to testify as to the reasonable rental value *held* error.

2. Landlord and tenant ⬅200(1)—Reasonable rental value impliedly due where there is no agreement as rental.

Where premises are rented without a stipulated sum being agreed upon as rental, it is implied that the tenant will pay the landlord the reasonable rental value for the use of the premises.

3. Appeal and error ⬅1056(4)—Exclusion of evidence held cured by verdict.

In landlord's action for rent, refusal to permit landlord to testify as to reasonable rental value *held* cured by verdict by which the jury found that amount of rental had been agreed upon.

4. Appeal and error ⬅882(8)—Appellant cannot complain of appellee's testimony as to facts shown by own testimony.

Appellant having produced evidence as to certain facts cannot complain of the admission of appellee's testimony as to such facts.

5. Sequestration ⬅21—Attorney's fees not recoverable on quashing of writ.

On quashing of writ of sequestration, the defendant cannot recover attorney's fees as damages.

6. Sequestration ⬅21—Value of time lost in attending court not recoverable on quashing of writ.

The value of defendant's time lost in attending court on the trial of a suit against him cannot be recovered, as damages on quashing of writ of sequestration.

7. Sequestration ⬅21—No exemplary damages on quashing of writ where actual damages are not recoverable.

Where no actual damages are recoverable by defendant on quashing of writ of sequestration, exemplary damages cannot be awarded.

Appeal from Burleson County Court; W. M. Hilliard, Judge.

Suit by J. E. Kubena against Tom Mikulascik. Judgment for defendant, and plaintiff appeals. Affirmed in part, and reversed and rendered in part.

A. B. Gerland, of Caldwell, for appellant. The Bowers, of Giddings, for appellee.

LANE, J. This suit was brought by appellant, J. E. Kubena, on the 5th day of November, 1919, against appellee, Tom Mikulascik, to recover judgment for the sum of $272.50, alleged to be a balance due appellant as rent for a certain farm belonging to him situated in Burleson county, Tex. On the 17th day of November, after filing his suit, appellant sued out a writ of sequestration, and by virtue thereof the officer in whose hands the same was placed seized and took possession of three bales of cotton belonging to appellee which he had, as a tenant of appellant, raised upon and gathered from said farm during the year 1918.

The appellant alleges that on the 17th day of December, 1917, when he rented said farm to appellee for 1918, he and appellee failed to come to an agreement as to the amount of rent that the appellee should pay to the appellant for said farm for 1918, that during the year 1917 the appellee resided on and cultivated this identical farm for a rental of one-fourth of the cotton and cotton seed and one-third of the corn, and pleaded in his petition, as one count, that the defendant having continued to reside on and cultivate this farm over from the year 1917 to and during the year 1918, and, there having been no agreement as to the amount of rents that the appellee should pay to the appellant for the farm for 1918, the terms of rent for the previous year would attach to and apply as rental terms for the succeeding year, 1918. He further pleaded that, if it should be found by the court that appellee was not holding over under the terms of the rental contract for the year 1917, but was holding under a rental contract for the year 1918, and that no definite sum was agreed upon by the parties as rental for said year, then he, the plaintiff, was entitled to the reasonable rental value of said farm, which he avers was one-fourth of the cotton and cotton seed and one-third of the corn raised upon and gathered by the defendant from said farm during the year 1918.

The appellee answered by general denial and specially pleaded that he rented the premises from appellant for 1918 for an agreed sum of $215, which sum he had already paid appellant, and further pleaded that appellant at the time of the institution of the suit and at the time he sued out the writ of sequestration well knew that appellee owed appellant nothing, and that appellant had wrongfully and maliciously sued out the writ of sequestration for the purpose of harassing the appellee, and claimed therefor $500 exemplary damages against appellant, and as actual damages against appellant he alleged that because of the suit he had to attend court two days at a cost to himself of $2 per day, that he had to pay his lawyer $50 to represent him in the suit, and that the cotton had declined 2 cents per pound in the open market of Caldwell from

the time the writ of sequestration was served to the day of trial, and that he thereby sustained a loss of $30.50.

To appellee's answer appellant replied by supplemental petition with general denial and general exception, and with a special plea that the amount of $272.50 sued for was an honest and legal debt, and disclaimed any malice or bad motive in suing out the writ of sequestration, but that it was sued out to preserve his landlord's lien and to save his debt after appellee had removed said cotton from the rented premises.

The sequestration proceedings sued out by appellant were, upon motion of appellee, quashed, and the cotton seized by virtue thereof was released to appellee before the trial of this cause.

The case was submitted to a jury upon the main charge and special charge No. 4 requested by plaintiff, as follows:

"Gentlemen of the Jury: At the request of the plaintiff and defendant I submit this case to you on special issues. In order to assist you in answering the special issues, I will state to you that, if you should find from the evidence that there was no agreement between the plaintiff and the defendant as to how much rent the defendant was to pay the plaintiff, then the law implies that the defendant is to pay the plaintiff a reasonable rent, not to exceed one-third of the grain produced, and not to exceed one-fourth of the cotton and seed produced on said land.

"I instruct you that in this case the defendant is entitled to recover from the plaintiff such actual damages as you find from the evidence that he has sustained, if any, on account of plaintiff having levied on and seized the three bales of cotton herein; and by actual damages I mean that he is entitled to recover such damages as will compensate him for the injury received so far as it might have been reasonably expected from the circumstances and such as naturally follows from the wrong, not to exceed the amount claimed in this answer.

"Before the defendant would be entitled to recover for exemplary damages, if any he has sustained, you must find from the evidence that the plaintiff in making said levy and in dispossessing the defendant of his cotton knew that he was doing wrong and that he knowingly and intentionally seized said cotton and dispossessed the defendant thereof, and that he knew that he had no right to do so. Exemplary damages are such damages as are in excess of actual damages and are allowed for the purpose of redressing a wrong that has been purposely and intentionally inflicted.

"You will please answer the following questions:

"(1) Was there any understanding between plaintiff and defendant as to how much rent the defendant was to pay the plaintiff? Answer 'Yes' or 'No,' as you find.

"(2) Was the defendant to pay the plaintiff money rent or a part of the crops? Answer 'Money rent' or 'A part of the crops,' as you may find.

"(3) If in answer to special issue No. 2 you say that the defendant was to pay a part of the crops, then what portion of the crops raised by the defendant is the plaintiff entitled to? Answer what portion of the crops, if any, is plaintiff entitled to.

"(3a) Does the defendant owe the plaintiff anything, and, if so, how much?

"(4) How much actual damages, if any, is the defendant entitled to on account of plaintiff sequestering the three bales of cotton herein? Answer such sum as you find, if any.

"(5) Did the plaintiff act with good intention (believing that he had a right to make the levy of the writ of sequestration) when he had the sheriff, through his deputy, J. O. Ellis, to levy on and seize the three bales of cotton in this suit? Answer 'Yes' or 'No,' as you may find.

"(6) If you have answered special issue No. 5 in the negative, then how much exemplary damages is the defendant entitled to from plaintiff for the wrongful act, if any? Answer, giving the amount, if any.

"The burden rests on the plaintiff to prove his case by a preponderance of the evidence.

"The burden rests on the defendant to prove his cross-action by a preponderance of the evidence.

"You are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony, but the law you must receive from the court, which is herein given you, and you will be governed thereby."

Special charge No. 4:

"How many acres of said farm did defendant plant in corn, and what was the average yield per acre in bushels produced thereon, and the market value per bushel of such corn in the fall of 1918?"

The jury answered the special issues submitted by the court as follows: No. 1, "Yes;" No. 2, "Money rent;" No. 3, "None;" No. 4, "$4;" No. 5, "No;" No. 6, "$250." And in answer to the requested issue they found that 15 acres of the farm was planted in corn; that 25 bushels per acre was produced; and that it was worth $2 per bushel.

Upon the answers of the jury judgment was rendered against the plaintiff, Kubena, on his suit, and in favor of the defendant, Tom Mikulascik, on his cross-bill for $4 actual damages and $250 exemplary damages. J. E. Kubena has appealed.

The plaintiff sought to testify that the reasonable rental value of the land used by the defendant during the year 1918 was one-fourth of the cotton and cotton seed and one-third of the corn raised on said land by the tenant during said year. Upon the objection of the defendant, the court rejected the testimony. Appellant makes such rejection the ground of his first assignment.

[1-3] We think the testimony was admissible, and that its rejection was error. Appellant pleaded that he had rented appellee the farm for 1918, and that there was no agreement as to the amount of rent to be paid, and that under such contract of rental

he was entitled to the reasonable rental value of the land, which he alleged to be one-fourth of the cotton and cotton seed and one-third of the corn raised on the same during the rental year. It is well settled that, where one rents premises to another without a stipulated sum being agreed upon, it is implied that the tenant will pay the landlord the reasonable rental value for the use of the premises rented. It was therefore admissible for appellant to testify as to the reasonable rental value of his farm, and the court erred in holding to the contrary. This error, however, was cured by the verdict of the jury. It was the contention of appellee that he rented the farm for the year 1918 for the stipulated sum of $215. In answer to special issues Nos. 1, 2, 3, and 3a, the jury found upon sufficient evidence, in effect, that there was an understanding between appellant and appellee as to the sum to be paid as rental, and that such sum was to be paid in money, and that appellee had paid the sum so agreed upon, and that he owed appellant nothing. These findings of the jury rendered the inquiry as to the reasonable rental value of the farm immaterial, as appellant could recover the reasonable rental value only where there was no stipulated rental agreed upon.

[4] By the second assignment it is insisted that the court erred in permitting appellee to testify that in January, 1919, appellant came to his house to collect rents for the year 1918, and that he told him that he had paid him the full amount of $215 rent, which was the amount of rent that they had agreed upon.

Appellant is in no position to complain of the admission of this testimony, as it is shown on the second page of the statement of facts that before the testimony complained of was admitted appellant had testified as follows:

"During the early part of January, 1919, I went to see the defendant, who lives several miles from where I live, about the rents due on the last three bales of cotton raised in 1918, as well as the corn rents for the year 1918. At that time the said three bales of cotton and a part of the corn was still on my farm and in the possession of the defendant. The defendant told me he did not owe me any more rents, stating that he had paid me all that he owed me, and that I had agreed to take $215 for the rental of said farm for the year 1918, and that he had already paid me that much and would not pay me any more."

By the third assignment it is insisted, in effect, that the court erred in giving to the jury, paragraph No. 1 of the main charge, in that such charge informed the jury what effect a finding in the negative to special issue No. 1 would have upon the issues involved.

We do not think the charge complained of by this assignment is subject to the objection urged.

By the fifth and sixth assignments it is insisted that the court erred: First, in submitting the question of actual damages to the jury, in that there was no evidence to warrant the submission of such question; and, second, in submitting the question of exemplary damages, in that there was no evidence justifying the submission of that question.

By appellee's cross-action no recovery was asked for the cotton seized under sequestration, nor for its value, and, though such prayer had been made, no such recovery could be had, as the cotton had been recovered by quashing of the sequestration proceedings (Gardner v. Bell, 14 Tex. Civ. App. 356, 38 S. W. 239; Lawson v. Goodwin, 37 Tex. Civ. App. 484, 84 S. W. 279), but by his answer he alleged as his actual damages the following items: $50 paid by him as attorney's fees; $4 for the loss of two days in attending court; and $30.50 for the decline in value of his cotton while it was held under the writ of sequestration—a total sum of $84.50. He also alleged and prayed for exemplary damages in the sum of $500.

The undisputed evidence shows that there was no depreciation in the value of the cotton during the time it was held under the writ but, to the contrary, the evidence shows that it was worth two cents per pound more at the time it was released than when it was seized, and therefore no damage of that kind was shown to exist by reason of such seizure, and as appellee's cross-action was not for the cotton or its value, but only for the items of actual damages above named, he was not entitled to recover any actual damages unless he can do so upon proof of payment of attorney's fees or loss of time in attending court.

[5] It is apparent from the verdict of the jury that the only actual damages they awarded appellee was for the sum of $4 for loss of two days' time in attending court, and that they awarded him nothing for attorney's fees paid by him. Indeed, it is well settled by the decisions of our courts that, while the payment of attorney's fees may be considered in awarding exemplary damages in a proper case, such payment cannot be awarded in such cases as the one now before us. Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468; Strauss v. Dundon, 27 S. W. 503; Landa v. Obert, 45 Tex. 542; H. & T. C. Ry. Co. v. Oran, 49 Tex. 341.

[6] In the last case cited the court held that counsel fees for the prosecution of plaintiff's demand for damages are not to be regarded in estimating actual damages, but may be considered by the jury, in a proper case, in fixing the amount of exemplary damages. It is equally well settled that in no case can the value of defendant's time

lost in attending court in the trial of the suit against him be allowed as an element of actual damage. Harris v. Finberg, 46 Tex. 79; Craddock v. Goodwin, 54 Tex. 578; Salado College v. Davis, 47 Tex. 131; Vance v. Lindsey, 60 Tex. 286; McCloskey v. San Antonio Traction Co., 192 S. W. 1116.

We have reached the conclusion that there was neither evidence nor law justifying the submission of the question of actual damages to the jury, and it therefore follows that the verdict of the jury finding that appellee suffered actual damages, and the judgment rendered upon such finding, are unsupported by any evidence and cannot stand.

[7] It is also well settled that, where no actual damages are recoverable, no exemplary damages can be awarded.

From what has been said it is apparent that we have reached the conclusion that so much of the judgment as decrees a recovery of actual and exemplary damages in favor of appellee should be reversed and rendered in favor of appellant, and it is so ordered.

There being no error in the judgment in favor of appellee on appellant's claim for rent, that portion of the judgment should be affirmed.

At a former day of this term we entered an order reversing the judgment of the court below and remanding the cause. Upon further consideration of the record we have reached the conclusion that the judgment should be affirmed in part and in part reversed and rendered, as above indicated. Our former order is therefore set aside on our own motion, and judgment entered in accordance with this opinion.

Affirmed in part, and reversed and rendered in part.

