## GALLOWAY et al. v. MORRIS & CO.
### (No. 10103.)

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 3, 1923.)

1. **Malicious prosecution ⊗⇒72(5)—Not erro-
neous to submit issues of whether plaintiff in
attachment acted with reasonable prudence or
without probable cause as bearing on exem-
plary damages.**

In an action for debt, where plaintiff sued
out a writ of attachment, and defendants in
their answer and by way of cross-bill asked
damages for the wrongful issuance thereof, it
was not erroneous to submit to the jury issues
of whether in procuring the writ of attachment
plaintiff acted as a person of reasonable pru-
dence, and whether plaintiff in procuring the is-
suance thereof intended to injure defendants,
and acted without probable cause, for the rea-
son that, where an attachment is based upon an
affidavit in fact untrue, though there was prob-
able cause for its issuance, the defendant is still
entitled to recover for any actual damages suf-
fered, and the good faith of the attaching cred-
itor is involved where exemplary damages are
sought.

2. **Malicious prosecution ⊗⇒67—Loss of credit
not basis for recovery of actual damages.**

Loss of credit is not a basis for the recov-
ery of actual damages.

3. **Appeal and error ⊗⇒907(3)—Evidence pre-
sumed insufficient to sustain finding of jury
disregarded by court.**

Where answer in attachment asserted ma-
licious prosecution of the attachment, claiming
damages by loss of credit and business, and the
jury found defendant entitled to nominal dam-
ages therefor, but the court entered judgment
for plaintiff, it will be presumed on appeal in
absence of statement of facts that the evidence
did not sustain the recovery as to such loss.

4. **Malicious prosecution ⊗⇒68—No exemplary
damages recoverable in the absence of a find-
ing for actual damages.**

In an action for debt, where plaintiff an-
swered, and by way of cross-bill pleaded dam-
ages for wrongful attachment, and the jury re-
turned a verdict for plaintiff and made a finding
of nominal damages for defendants on their
cross-bill, it was not error, in refusing to con-
sider the finding of the jury, that defendants
had suffered to the extent of the nominal dam-
ages, or to credit the amount of the finding for
defendant on the verdict for plaintiff, for the
reason that no exemplary damages can be re-
covered in the absence of a finding for actual
damages.

5. **Appeal and error ⊗⇒920(4)—Replevin bond
not presumed to have been given.**

In an action for debt, in which plaintiff sued
out a writ of attachment, and the court fore-
closed the attachment lien, but did not make an
award against the sureties on replevin bond,
where no replevin bond appears in the tran-
script it will not be presumed that one was
given.

6. **Attachment ⊗⇒217—May be foreclosed re-
gardless of judgment on replevy bond.**

In an action for debt, in which plaintiff sued
out a writ of attachment, the court had author-
ity to foreclose the attachment lien regardless
of whether judgment was rendered on the re-
plevin bond given.

7. **Appeal and error ⊗⇒1073(1) — Where de-
fendants acknowledged debt sued on, they
cannot complain of property subjected to
judgment rather than that of sureties on re-
plevin bond.**

Where, in an action for debt, in which
plaintiff sued out a writ of attachment, the de-
fendants acknowledged in open court by plea
that they owed the debt for which plaintiff
sued, they are in no position to complain that
their property is subjected to the payment of
the judgment awarded, rather than on the
bondsmen on the replevin bond.

Appeal from Tarrant County Court; W. P.
Walker, Judge.

Action by Morris & Co. against M. D. Gal-
loway and others. From a judgment for
plaintiff, defendants appeal. Affirmed.

Mays & Mays, of Fort Worth, for appel-
lants.

C. E. McGaw, of Fort Worth, for appellee.

BUCK, J. Morris & Co. sued M. D. and
P. E. Galloway for debt, and sued out a
writ of attachment. Defendants in their an-
swer, and by way of cross-action, pleaded:

"That about the 7th day of July, 1921, plain-
tiffs in said cause illegally, wrongfully, without
probable cause, and willfully, and with the ex-
press purpose of vexing, harassing, annoying,
and injuring defendants in their business, good
will, credit, and good name, willfully, wrong-
fully, and maliciously caused to be issued an
attachment against their place of business in
Fort Worth, Tex., and said attachment was
levied upon their said place of business as
aforesaid, and such action was published and
made known through Fort Worth and vicinity,
where defendants were engaged in business,
whereby their business, good name, reputation,
and credit was damaged in the sum of $500,"
etc.

The final prayer is perhaps sufficiently full
to justify the recovery of actual and exem-
plary damages, too. At any rate, appellants
state in their brief that they asked for actual
and exemplary damages. Upon the trial de-
fendants admitted the justness of the debt,
and the cause was submitted to the jury on
special issues, upon the defendants' cross-
action, and the jury found:

(1) That at the time of the issuance of the
writ the defendants were not about to convert
their property, or a part of it, into money for
the purpose of placing it beyond the reach
of their creditors.

(2) That a person of "reasonable prudence,
situated in the position of plaintiffs at the

time," would have concluded that the defendants were about to convert their property into money for the purpose of placing it beyond the reach of their creditors.

(3) That the plaintiff did not willfully and maliciously procure the issuance of the writ for the purpose of injuring and harassing the defendants, nor did the plaintiff procure such issuance without probable cause.

(4) That by reason of the issuance of the writ, and the levy thereof, the defendants were injured by loss of credit, and loss of business in the sum of $1.

Upon this verdict the court entered judgment for plaintiff for its debt, with interest, and all costs, and decreed that defendants take nothing by reason of their cross-action. The defendants have appealed.

No statement of facts is in the record. The grounds of complaint urged by appellants are: (1) The court erred in rendering judgment for the full amount of the debt, and should have rendered judgment for such amount less $1, and should have adjudged the costs of the issuance of the writ against plaintiff. (2) The court erred in submitting the question of whether in procuring the writ of attachment plaintiff acted as a person of reasonable prudence. (3) The court erred in submitting the issue of whether plaintiff in procuring the issuance of the writ intended to injure the defendants, and acted without probable cause. (4) That the court erred in foreclosing the attachment lien, and that the judgment should have been against the bondsmen in replevin. That on account of such replevin no right existed to foreclose the attachment lien.

[1] Certainly it was not error to submit the two issues mentioned, inasmuch as defendants were asking for exemplary damages. While, where an attachment is based upon an affidavit in fact untrue, though there was probable cause for its issuance, the defendant is still entitled to recover for any actual damages suffered (Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468, and cases there cited), yet the good faith of the attaching creditor is involved where exemplary damages are sought (Carothers v. McIlhenny Co., 63 Tex. 138; Jacobs, Bernheim & Co., v. Crum, 62 Tex. 401). Hence we overrule these two assignments.

[2, 3] Loss of credit is held not to be the basis for the recovery of actual damages. Traweek v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564; Wallace v. Finberg, 46 Tex. 35. It will be remembered that the issue submitted to the jury was whether, by reason of the issuance and levy of the attachment, "defendants were injured by loss of business and loss of credit." Even if loss of business is a basis for the recovery of actual damages, yet, in the absence of a statement of facts, we must indulge the presumption that the evidence did not sustain the recovery as to a loss of business. But 2 R. C. L. p. 911, art. 123, says:

"And, according to the weight of authority, mental suffering, sickness, injury to the character, or humiliation, as well as injury to credit, or loss of business, are elements too speculative to be considered in assessing damages sustained by the wrongful suing out of an attachment."

[4] To the same effect is 4 Cyc. p. 881. Kirbs & Spies v. Provine, 78 Tex. 353, 14 S. W. 849, holds that loss of business occasioned by the wrongful seizure of goods under attachment is not an element of actual damages, but may be recovered in exemplary damages. See Kaufman v. Armstrong, 74 Tex. 65, 11 S. W. 1048. Therefore we must conclude, under the decisions of our Supreme Court, at least, that the $1 awarded to defendants was awarded, as a matter of law, in the way of exemplary damages. Since no exemplary damages can be recovered in the absence of a finding for actual damages, it follows that the trial court did not err in refusing to consider the finding of the jury that defendants had suffered injury to the extent of $1 in loss of credit or loss of business by the issuance of the writ of attachment.

[5-7] Only one more question may be noticed, i. e., as to the alleged error in foreclosing the attachment lien, and in not awarding against the sureties on the replevin bond. No replevin bond appears in the transcript, and, there being no statement of facts, we cannot presume that one was given. Moreover, the decisions support the conclusion that the trial court may foreclose the attachment lien as well as render judgment on the replevin bond. Atkinson v. Witte (Tex. Civ. App.) 54 S. W. 611, and causes there cited; Coopwood v. Wofford (Tex. Civ. App.) 219 S. W. 504; Green v. Hoppe (Tex. Civ. App.) 175 S. W. 1117. Moreover, inasmuch as defendants acknowledged in open court by plea that they owed the debt for which plaintiff sued, it would appear that they are in no position to complain that their property is subjected to the payment of the judgment awarded, rather than that of the bondsmen on the replevin bond.

All assignments are overruled, and the judgment is affirmed.